# COMPLAINT AGAINST ATTORNEY (GRIEVANCE COMPLAINT)

JD-GC-6   Rev. 7-10
P.B. § 2-32(a)

STATE OF CONNECTICUT
**JUDICIAL BRANCH**
www.jud.ct.gov

**Read the *Instructions* for this complaint before filling it out. Complaints that are not filled out correctly will be returned to you.**

After filling out this complaint, mail the original and 6 copies of it to:

Statewide Bar Counsel
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT 06118-1885

**1.** **Complainant's (person making complaint against attorney) Information.** *A separate complaint form must be filled out for each Complainant.*

Name *(First, Middle, Last)*
☐ Mr.   ☐ Mrs.   ☐ Ms.   ☐ (Other)   Attorney Michael P. Bowler, Statewide Bar Counsel

Address
287 Main Street, 2nd Floor, Suite 2, East Hartford, CT 06118-1885

Telephone number
(860) 568-5157

Email address *(optional)*

**2.** **Information about the attorney you are making a complaint against. Do not name a law firm.** *A separate complaint form must be filled out for each attorney you are complaining about.*

Name *(First, Middle, Last)*
Thomas Willcutts

Address
285 Farmington Ave., Hartford, CT 06105

Telephone number
(860)524-6800

Attorney's juris number *(if known)*
302886

Email address *(if known)*
TPW@WILLCUTTS.COM

**3.** **Explain how you are connected to the attorney.**

☐ I hired/retained the attorney. Dates of representation: _____ to _____

☐ The court appointed the attorney to represent me. Date attorney was appointed by the court: _____

☐ The court appointed the attorney to represent my children. Date attorney was appointed by the court: _____

☐ The attorney represented the other side against me in a matter.

☐ The attorney was the prosecutor in my criminal case.

☒ Other. Explain:   Attorney Overdraft

**4.** **Have you ever filed a complaint against this attorney with the Statewide Grievance Committee?**

☐ Yes.  Give the name and grievance number of each complaint that you have filed: _____

☐ No

**5.** **Please give the information asked for below if your complaint is about the attorney's conduct in a lawsuit or a criminal case.**

Name of lawsuit or criminal case

Docket number

Courthouse location

Your connection to the lawsuit or criminal case *(for example: plaintiff, defendant, witness)*

---

*Do Not Write in This Area — For Statewide Bar Counsel Use Only*

File Date:

Complaint number: _____

Referred to: _____

**6. Please explain the type of lega... ork done by the attorney in the matter ... led to this complaint. Check all that apply.**

- [ ] Criminal law
- [ ] Personal real estate matter
- [ ] Workers' compensation
- [ ] Arbitration or mediation
- [x] Other. *(Explain)* __Attorney Overdraft Matter__

- [ ] Family law/Divorce
- [ ] Business or corporate matter
- [ ] General civil claims
- [ ] Collection matter

- [ ] Personal injury/Wrongful death/Malpractice
- [ ] Estate planning/Elder law/Probate
- [ ] Immigration matter

**7. Please explain what kind of complaint this is. Check all that apply. You must still explain your complaint in detail in question 10.**

- [ ] Neglect, diligence or competence issues
- [ ] Charged too high a fee
- [ ] Did not return records
- [ ] Fraud or misrepresentation issues
- [ ] Communication issues
- [ ] Improper withdrawal
- [ ] Harassment

- [ ] Misused funds or other property
- [ ] Did not safeguard money or property
- [ ] Confidentiality issues
- [ ] Conflict of interest
- [ ] Did not obey a court order
- [ ] Did not pay a judgment
- [x] Other. *(Explain)* __Overdraft__

**8. Have you paid the attorney any legal fees for the matter complained about or has any other person paid the attorney any legal fees for the matter for you?**

- [ ] Yes. Amount the attorney charged you: _____

  Amount paid to the attorney by you or by another person for you: _____

- [ ] The matter involved a contingency fee that has not been paid.
- [x] No.

**Attach a copy of the fee agreement to this complaint.**

**9. Give a list of all witnesses that have information about your complaint. Attach additional sheets if necessary.**

| Name *(First, Middle, Last)* | Telephone number |
|---|---|
| Address | |

| Name *(First, Middle, Last)* | Telephone number |
|---|---|
| Address | |

| Name *(First, Middle, Last)* | Telephone number |
|---|---|
| Address | |

**10. Give the details of your complaint in the order that they happened. Attach additional sheets if necessary.**

This complaint is filed pursuant to Rule 9(b) (2) of the Statewide Grievance Committee Rules of Procedure as published in the Connecticut Law Journal October 24, 2006. At a meeting held on July 16, 2015, the Statewide Grievance Committee instructed Bar Counsel to file a complaint against the Respondent. The Respondent has failed to answer Attorney Mickelson-Dera's request for more information, has misused his clients' funds account by paying an oil bill for his office and may be in violation of Rules 1.15 and 8.1 of the Rules of Professional Conduct and Section 2-27 of the Connecticut Practice Book. See attached record in the matter of overdraft notification #ON-0153-14.

**11. Sign and date this complaint below. Please use *blue ink*.**

| *Executed under penalties of false statement,* | Signature of Complainant | Date signed |
|---|---|---|
| | *[signature]* | 7/28/15 |

**Be sure to read paragraph 11 of the Instructions before copying and filing your complaint.**

November 20, 2014

Attorney Frances Mickelson - Dera
Statewide Grievance Committee
287 Main St, 2nd Floor Suite 2
East Hartford, CT 06118-1185

RECEIVED

NOV 2 4 2014

STATEWIDE
GRIEVANCE COMMITTEE

Checking Account#7001086100

On 11-19-2014, a check drawn on the above account, check #633 for $1,091.77, was presented
and is being returned due to insufficient funds.

    First Niagara Bank
    Attn: Item Processing
    301 Cayuga Road, Ste 140
    Cheektowaga, New York 14225

Please adjust your records accordingly. If you have any questions, please contact a customer
service representative at (716)625-7600.

Thank You,

Item Processing Department

J# 302886 Docket# 0153-14

NIAGARA
Account:        7001086100
Check:          000633
Amount:         1091.77
Date cleared:   11/19/2014
Run-batch-seq:  6106-77-980



Willcutts Law Group, LLC
285 Farmington Ave
Hartford, CT 06105

FIRST NIAGARA BANK, NA
HARTFORD, CT
51-7013/2111

633

11/14/14

PAY TO THE
ORDER OF    Barrieau Oil Co., Inc.                              $   **1,091.77

One Thousand Ninety-One and 77/100**************************************    DOLLARS

Barrieau Oil Co., Inc.
94 Reed Avenue
West Hartford, CT 06110

Client's Fund Account

MEMO

⑊000633⑊ ⑊211170130⑊ 700108 6100⑊

Seq: 83
Batch: 431187
Date: 11/18/14

FOR DEPOSIT ONLY
BARRIEAU OIL CO. INC.
JAMES B. OTTOOLE CO.
KEY PLUMBING & MURRAY PLUMBING
ACCT. #9401630127

STATE OF CONNECTICUT



Michael P. Bowler
Statewide Bar Counsel

Frances Mickelson-Dera
Christopher L. Slack
First Assistant Bar Counsel

Tel: (860) 568-5157
Fax: (860) 568-4953

## STATEWIDE GRIEVANCE COMMITTEE

www.jud.ct.gov/sgc/
Second Floor - Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

WILLCUTTS THOMAS PATRICK
285 FARMINGTON AVENUE                                11/25/2014
HARTFORD        CT 06105

RE:  OVERDRAFT NOTICE # ON 0153-14 In Re: Thomas P. Willcutts

Dear Thomas P. Willcutts:

Pursuant to Connecticut Practice Book Section 2-28 and rules of procedure adopted by the Statewide Grievance Committee, we transmit herewith a copy of an overdraft notice regarding the following:

Institution: FIRST NIAGARA BANK N.A.
Account #: 6100
Instruments #: 633

In accordance with the procedures of the Statewide Grievance Committee, within ten (10) days of the date of this letter please forward to this office a written explanation of the overdraft, along with documentary evidence, including copies of relevant bank statements, deposit slips, ledger sheets, closing statements, etc. supporting your explanation.

After reviewing your explanation the Statewide Bar Counsel may:
(a) Accept the explanation and close the file,
(b) Request a further explanation,
(c) Refer the matter to the Statewide Grievance Committee for additional action, including referral to a grievance panel for further investigation.

Along with your letter of explanation complete and return the enclosed Supplemental Response form. Your response will be considered incomplete if you do not complete and return said form.

Thank you for your prompt attention to this matter.

Sincerely,

Frances Mickelson-Dera

Enclosure

# WILLCUTTS LAW GROUP, LLC

Attorneys at Law

285 Farmington Avenue
Hartford, CT 06105
Tel (860) 524-6800
Fax (860) 524-7766

*Thomas P. Willcutts*
tpw@willcutts.com

**RECEIVED**

DEC 8 - 2014

STATEWIDE
GRIEVANCE COMMITTEE

**VIA FACSIMILE (860) 568-4953**

December 5, 2014

Frances Mickelson-Dera
First Assistant Bar Counsel
Statewide Grievance Committee
287 Main Street
East Hartford, CT 06118

Re:    **OVERDRAFT NOTICE # ON 0153-14
IN RE: Thomas P. Willcutts**

Dear Attorney Mickelson-Dera:

I am writing in response to your letter dated 11/25/14 regarding the above-referenced overdraft notice.

I have been in communication with counsel for First Niagara Bank, N.A. concerning this matter – James Byrne, and I requested that he provide a letter explaining this event from the Bank's perspective, and I have attached a copy of that letter.

As attorney Byrne indicates in his letter, the form letter generated by the Bank indicating that the check in question was not honored due to insufficient funds is inaccurate. The Bank placed a hold on the account in reaction to a complaint it received regarding a deposit that I made to the account for The Estate of P. Edward Lizauskas ("The Estate"). I represented The Estate in a litigation matter in Waterbury Superior Court, *P. Edward Lizauskas v. Mark Ryan*, UWY-CV04-0185033-S. That matter was settled by means of a stipulated judgment that was approved by the Superior Court on 11/07/13. The matter is currently pending before the Southbury Probate Court, where the parties are waiting upon a ruling on the Final Accounting submitted by the Administrator of the Estate – Nathan Litwin.

The Estate in question has involved very extensive and contentious litigation as can be gleaned from the docket number indicating that the case originated in 2004 and it was not finally resolved until 2013. The contentious litigation has continued in the Probate Court, where disputes have arisen concerning the final distribution of the Estate assets.

In that context, I was contacted by attorney James Byrne representing First Niagara, and he indicated to me that a complaint was presented to the Bank by an Estate beneficiary concerning my deposit of the settlement check into my IOLTA account back in 2013, in that the check was made out to "The Estate of P. Edward Lizauskas & Thomas P. Willcutts, Trustee," where there was no separate endorsement for the Estate when the check was deposited into my IOLTA account, beyond my account stamp "For Deposit Only."

I fundamentally disagree with the complaint, as only an authorized fiduciary can sign a legal document on behalf of an Estate, and I was duly authorized to execute all settlement documents for the Estate as its attorney, which was specifically approved by the Superior Court Judge who approved the court settlement. Furthermore, the only person who could have endorsed the check for the Estate other than myself is the Administrator of the Estate – Nathan Litwin. Mr. Litwin lives out of State in New York, and I have asked him to supply a letter confirming that I was properly authorized by him to endorse the settlement check into my IOLTA account. As of the writing of this letter, I have not yet received Mr. Litwin's letter, but I expect to receive it later this evening and will forward it as soon as I receive it.

Finally, the same complaint that was submitted to First Niagara Bank has been submitted to the Probate Judge who is supervising this Estate – the Honorable Joseph A. Egan. Judge Egan has scheduled a hearing on the matter for December 10, 2014, and I expect that it will be resolved at that time.

Please do not hesitate to address further questions to me concerning this matter. I plan to provide a supplemental response that reflects the Probate Court's ruling on the matter after the scheduled hearing next week.

Very truly yours,

Thomas P. Willcutts

December 5, 2014

**VIA EMAIL**

Thomas P. Willcutts
Willcutts Law Group, LLC
285 Farmington Avenue
Hartford, CT 06105
tpw@willcutts.com

Re:    Overdraft Notice;  In Re Thomas P. Willcutts, Esq.

Dear Tom:

As you know, I represent First Niagara Bank, NA ("First Niagara").  This letter is to follow conversations you and I have had concerning a Statewide Grievance Committee inquiry into a check that bounced on your IOLTA Account at First Niagara.  It is my understanding that you may submit this letter to the Committee in support of other materials you are providing to them.

The check in question was not returned due to insufficient funds.  In fact, there were ample funds in the IOLTA account.  Rather, the check was returned because First Niagara had placed an administrative hold on the Account as a result of a claim by a third party in certain Probate Court litigation in which you serve as counsel to an Estate, that you deposited a two party check into your IOLTA Account with only one signature – a position you dispute.  Putting aside the merits of the third party's claim, the claim has the potential to cause a loss to the Bank, and as a result, the Bank asserted an administrative hold on your IOLTA Account pending a resolution of the issue by the parties or Probate Court order, which is expected as early as next Wednesday.  It is my understanding that the bounced check was in the pipeline <u>before</u> the Bank asserted the hold or <u>before</u> you knew of the hold.  You thereafter deposited additional funds into the IOLTA Account sufficient to cover the bounced check.

Please do not hesitate to contact me should you have any questions.

Very truly yours,

//S//

James R. Byrne

E-mail: James.Byrne@leclairryan.com
Direct Phone: 860.656.1949
Direct Fax: 860.656.1993

One Financial Plaza, 755 Main Street, Suite 2000
Hartford, Connecticut  06103
Phone: 860.656.1520 \ Fax: 860.656.1521

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.



Michael P. Bowler
Statewide Bar Counsel

Frances Mickelson-Dera
Christopher L. Slack
First Assistant Bar Counsel

Tel: (860) 568-5157
Fax: (860) 568-4953

## STATEWIDE GRIEVANCE COMMITTEE

www.jud.ct.gov/sgc/
Second Floor - Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

WILLCUTTS THOMAS PATRICK                           11/25/2014
285 FARMINGTON AVENUE
HARTFORD       CT 06105

RE:  OVERDRAFT NOTICE # ON 0153-14 In Re: Thomas P. Willcutts

Dear Thomas P. Willcutts:

Pursuant to Connecticut Practice Book Section 2-28 and rules of procedure adopted by the Statewide Grievance Committee, we transmit herewith a copy of an overdraft notice regarding the following:

Institution: FIRST NIAGARA BANK N.A.
Account #: 6100
Instruments #: 633

In accordance with the procedures of the Statewide Grievance Committee, within ten (10) days of the date of this letter please forward to this office a written explanation of the overdraft, along with documentary evidence, including copies of relevant bank statements, deposit slips, ledger sheets, closing statements, etc. supporting your explanation.

After reviewing your explanation the Statewide Bar Counsel may:
(a) Accept the explanation and close the file,
(b) Request a further explanation,
(c) Refer the matter to the Statewide Grievance Committee for additional action, including referral to a grievance panel for further investigation.

Along with your letter of explanation complete and return the enclosed Supplemental Response form. Your response will be considered incomplete if you do not complete and return said form.

Thank you for your prompt attention to this matter.

Sincerely,

Frances Mickelson-Dera

Enclosure

# WILLCUTTS LAW GROUP, LLC

Attorneys at Law

285 Farmington Avenue
Hartford, CT 06105
Tel  (860) 524-6800
Fax (860) 524-7766

*Thomas P. Willcutts*
tpw@willcutts.com

# RECEIVED

**VIA FACSIMILE (860) 568-4953**

DEC 8 - 2014

**STATEWIDE
GRIEVANCE COMMITTEE**

December 6, 2014

Frances Mickelson-Dera
First Assistant Bar Counsel
Statewide Grievance Committee
287 Main Street
East Hartford, CT 06118

Re:     **OVERDRAFT NOTICE # ON 0153-14**
        **IN RE: Thomas P. Willcutts**

Dear Attorney Mickelson-Dera:

By way of supplemental response to the above-referenced inquiry, please find the attached letter of Nathan Litwin, Administrator of the Estate of P. Edward Lizauskas.

Very truly yours,

Thomas P. Willcutts

Attachment

Nathan P. Litwin
111 South Highland Road
Ossining, NY 10562

Attorney Thomas Willcutts
Willcutts Law Group
285 Farmington ave.
Hartford, CT. 06105

Re: Administrator Authorization

Dear Attorney Willcutts:

I am writing to address the complaint that you improperly deposited the settlement
check in the case of Estate of P. Edward Lizauskas v. Mark Ryan into your IOLTA
account without obtaining an endorsement on the check for the Estate, other than your
own.

This will confirm that I am the duly appointed Administrator of The Estate of P. Edward
Lizauskas and that you were at all times authorized by me to execute documents on
behalf of the Estate in order to effectuate a settlement of the case against Mark Ryan,
as well to deposit the settlement funds for that case into your IOLTA account.

Thank you for your faithful service as attorney for the Estate in this matter.

Very Truly Yours,

Nathan Litwin
Administrator,
Estate of P. Edward Lizauskas



## STATEWIDE GRIEVANCE COMMITTEE

Frances Mickelson-Dera, *First Assistant Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

December 24, 2014

Attorney Thomas Willcutts
285 Farmington Ave.
Hartford, CT 06105

RE:   OVERDRAFT NOTIFICATION #ON-0153-14
      IN RE:  Thomas Willcutts

Dear Attorney Willcutts:

Thank you for your letter dated December 5, 2014, regarding the above-referenced overdraft notification matter.

In order to complete the investigation of this matter, additional information is required. Please provide further documentary evidence in support of your explanation.  I am reserving my investigation of the instant overdraft pending full production by you of all relevant probate court records, including the probate court's final decision.  In the interim, please submit the client ledger on whose behalf check #633, made payable to Barrieau Oil Company, was disbursed.

Kindly submit the information requested to the undersigned at the above address within ten (10) days of the date of this letter.  Pursuant to Rule 9(b)(3) and (4) of the Statewide Grievance Committee's Rules of Procedure, failure to adequately explain the overdraft to the Office of the Statewide Bar Counsel will likely result in a decision by the Statewide Grievance Committee to forward the matter to a grievance panel for further investigation, or the initiation of a grievance complaint, or both.

Thank you for your anticipated cooperation.

Sincerely,

Frances Mickelson-Dera
First Assistant Bar Counsel

FMD/kag

# WILLCUTTS LAW GROUP, LLC

Attorneys at Law

285 Farmington Avenue
Hartford, CT 06105
Tel (860) 524-6800
Fax (860) 524-7766

*Thomas P. Willcutts*
tpw@willcutts.com

**VIA FACSIMILE (860) 568-4953**

January 8, 2015

Frances Mickelson-Dera
First Assistant Bar Counsel
Statewide Grievance Committee
287 Main Street
East Hartford, CT 06118

**RECEIVED**

JAN - 8 2015

STATEWIDE
GRIEVANCE COMMITTEE

Re:     **OVERDRAFT NOTICE # ON 0153-14**
        **IN RE: Thomas P. Willcutts**

Dear Attorney Mickelson-Dera:

I am writing in response to your letter dated 12/24/14 regarding the above-referenced overdraft notice and our telephone discussion of today concerning the same. You indicate in your letter that I should supply certain additional items to address this matter, including the Probate Court's ruling on the complaint that gave rise to the bank placing a hold on the account, which then resulted in the overdraft check. As we discussed, the Probate Court's final ruling on the Estate is expected at any time. This will confirm that I will obtain that ruling first, before supplementing my response, which was otherwise due in ten days of your letter.

I also wish to confirm that the Probate Judge indicated on the record at a December 8, 2014 hearing that my firm properly deposited the funds at issue into my firm's IOLTA account by means of a stamp for deposit only, where the complaint was that the check should have contained multiple endorsements. I do not know whether or not the Judge will comment on this issue in his ruling on the final Estate accounting, which is the issue before him, but if not, I can request a transcript where he addressed the matter of the deposit on the record. Either way I will make this part of my supplemental response.

Thank you for your attention to this matter.

Very truly yours,

Thomas P. Willcutts



**State of Connecticut Judicial Branch**

# Civil and Family Inquiry



Civil / Family Home

- Attorney/Firm Case List
- Attorney/Firm Look-up

- Docket Number Search
  Party Name Search
  Property Address Search

Short Calendars
  By Court Location
  By Juris Number
  Motions to Seal or Close
  Calendar Notices
  Short Calendar
  Quick Guide

Court Events By Date
Court Events By Juris
Number

Scheduling Inquiry

Pending Foreclosure Sales

Questions & Answers
Court Information
Legal Terms



**Comments**

---

**UWY-CV04-0185033-S**

Prefix/Suffix: [none]

**P.EDWARD LIZAUSKAS v. RYAN,MARK**

Case Type: P90    File Date: 05/27/2004    Return Date: 06/29/2004

Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help |

To receive an email when there is activity on this case, click here.

Information Updated as of: 01/16/2015

| Case Information |
|---|

Case Type: P90 - Property - All other
Court Location: WATERBURY
List Type: REMOVED FROM TRIAL LIST (00)
Trial List Claim:
Referral Judge or
Magistrate:

Last Action Date: 11/12/2013 (The "last action date" is the date the information was entered in the system)

| Disposition Information |
|---|

Disposition Date: 11/07/2013
Disposition: JUDGMENT BY STIPULATION BEFORE TRIAL COMMENCED
Judge or Magistrate: HON MARK TAYLOR

| Party & Appearance Information |
|---|

**Party**                                                                    No Fee Party

**P-01    P EDWARD LIZAUSKAS**
        Attorney: WILLCUTTS LAW GROUP LLC (412755)  File Date: 05/11/2006
                  285 FARMINGTON AVENUE
                  HARTFORD, CT 06105

**D-50    MARK RYAN**
        Attorney: POLIVY & TASCHNER LLC (407964)
                  SIX CENTRAL ROW              File Date: 10/15/2004
                  PO BOX 230294
                  HARTFORD, CT 061230294

**D-51    LIZBRP INC**
        Attorney: METER & METER LLC (416676)
                  457 BANTAM ROAD              File Date: 08/28/2006
                  P.O. BOX 158
                  LITCHFIELD, CT 06759

        Attorney: ROBERT S KOLESNIK PC (069607)
                  49 LEAVENWORTH STREET         File Date: 08/19/2011
                  WATERBURY, CT 06702

**Viewing Documents on Civil Cases:**

- Documents, court orders and judicial notices in 2014 and future civil cases are available publicly over the internet.*
- For cases filed prior to 2014, documents, court orders and judicial notices that are electronic are available publicly over the internet and can be viewed by selecting the link to the document in the list below.*
- If there is an *e* in front of the docket number at the top of this page, then the file is electronic. Documents and court orders can be viewed at any judicial district courthouse and at

s geographical area courthouses during normal business hours.*
- You can view pleadings or other documents that are not electronic during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- Viewing of documents protected by law or court order may be limited.

unless otherwise restricted                                                                    *

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | | | **Motions / Pleadings / Documents / Case Status** | |
| 101.00 | 08/02/2004 | P | AMENDED COMPLAINT | No |
| 102.00 | 10/12/2004 | P | MOTION FOR DEFAULT-FAILURE TO PLEAD<br>*RESULT:* Denied 10/19/2004 BY THE CLERK | No |
| 103.00 | 10/18/2004 | D | REQUEST TO REVISE | No |
| 104.00 | 08/19/2005 | P | AMENDED COMPLAINT | No |
| 105.00 | 01/26/2006 | D | OBJECTION TO MOTION<br>*RESULT:* Granted 2/14/2006 HON SALVATORE AGATI | No |
| 106.00 | 01/25/2006 | P | MOTION FOR DEFAULT-FAILURE TO PLEAD<br>*RESULT:* Granted 2/1/2006 BY THE CLERK | No |
| 107.00 | 02/14/2006 | D | ANSWER AND SPECIAL DEFENSE | No |
| 108.00 | 06/09/2006 | P | REPLY TO SPECIAL DEFENSE | No |
| 109.00 | 06/09/2006 | P | MOTION TO CITE ADDITIONAL PARTY<br>*RESULT:* Granted 6/27/2006 HON SALVATORE AGATI | No |
| 109.50 | 06/09/2006 | P | MEMORANDUM IN SUPPORT OF MOTION | No |
| 110.00 | 06/09/2006 | P | CLAIM FOR JURY OF 6 | No |
| 111.00 | 06/09/2006 | | CERTIFICATE OF CLOSED PLEADINGS AND CLAIM FOR TRIAL LIST | No |
| 112.00 | 06/27/2006 | P | LIS PENDENS | No |
| 113.00 | 07/31/2006 | P | AMENDED COMPLAINT | No |
| 114.00 | 08/11/2006 | P | MOTION FOR DEFAULT-FAILURE TO APPEAR<br>*RESULT:* Granted 8/15/2006 BY THE CLERK | No |
| 115.00 | 08/22/2006 | P | REQUEST TO AMEND COMPLAINT/AMENDMENT | No |
| 116.00 | 10/18/2006 | D | ANSWER TO AMENDED COMPLAINT | No |
| 117.00 | 04/04/2007 | D | REQUEST TO AMEND ANSWER/AMENDMENT | No |
| 118.00 | 04/30/2007 | D | ANSWER AND SPECIAL DEFENSE TO AMENDED COMPLAINT | No |
| 119.00 | 05/22/2007 | D | MOTION FOR PERMISSION TO FILE SUMMARY JUDGMENT MOTION-CASE ON ASSIGNED LIST PB SEC 17-44 | No |
| 120.00 | 06/06/2007 | P | REQUEST TO AMEND COMPLAINT/AMENDMENT | No |
| 121.00 | 06/15/2007 | D | OBJECTION TO REQUEST | No |
| 122.00 | 06/26/2007 | D | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 123.00 | 07/05/2007 | O | MOTION TO QUASH | No |
| 124.00 | 07/06/2007 | P | MEMORANDUM IN OPPOSITION TO MOTION | No |
| 125.00 | 08/03/2007 | P | DISCLOSURE OF EXPERT WITNESS | No |
| 126.00 | 08/10/2007 | P | DISCLOSURE OF EXPERT WITNESS | No |
| 127.00 | 08/17/2007 | D | MOTION IN LIMINE | No |
| 128.00 | 08/17/2007 | D | MOTION IN LIMINE | No |
| 129.00 | 08/17/2007 | D | MOTION FOR NON SUIT FOR FAILURE TO COMPLY WITH DISCOVERY MOTION/REQUEST PB CHAPTER 13 | No |
| 130.00 | 08/17/2007 | D | MOTION IN LIMINE | No |
| 131.00 | 08/27/2007 | P | MOTION FOR PERMISSION TO WITHDRAW APPEARANCE<br>*RESULT:* Granted 1/4/2010 HON JOHN CRONAN | Yes |
| 132.00 | 08/29/2007 | P | REQUEST TO AMEND COMPLAINT/AMENDMENT | No |

| | | | | |
|---|---|---|---|---|
| 133.00 | 9/2007 | P | MEMORANDUM IN OPPOSITION TO MOTION | No |
| 134.00 | 08/30/2007 | P | NOTICE OF SERVICE | No |
| 135.00 | 11/14/2007 | P | AMENDED COMPLAINT | No |
| 136.00 | 12/12/2007 | D | REQUEST TO REVISE | No |
| 137.00 | 01/09/2008 | D | MOTION FOR NONSUIT – GENERAL | No |
| 138.00 | 02/07/2008 | D | MOTION TO STRIKE | Yes |
| 138.50 | 02/07/2008 | D | MEMORANDUM IN SUPPORT OF MOTION | No |
| 139.00 | 03/03/2008 | D | ANSWER AND SPECIAL DEFENSE TO AMENDED COMPLAINT | No |
| 140.00 | 03/03/2008 | D | MOTION FOR SUMMARY JUDGMENT<br>*RESULT:* Denied 6/18/2009 HON ROBERT BRUNETTI | Yes |
| 140.50 | 03/31/2008 | D | MEMORANDUM IN SUPPORT OF MOTION | No |
| 141.00 | 04/08/2008 | P | REQUEST<br>*RESULT:* Granted 4/9/2008 BY THE CLERK | No |
| 142.00 | 05/07/2008 | P | REQUEST | No |
| 143.00 | 06/26/2008 | D | MOTION TO INTERVENE<br>*RESULT:* Denied 9/30/2010 HON PAUL MATASAVAGE | No |
| 144.00 | 07/02/2008 | D | OBJECTION TO MOTION TO INTERVENE | No |
| 145.00 | 07/02/2008 | D | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 146.00 | 07/03/2008 | D | OBJECTION TO MOTION TO INTERVENE | No |
| 147.00 | 07/03/2008 | D | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 148.00 | 07/03/2008 | D | REPLY | No |
| 149.00 | 07/10/2008 | P | REPLY | No |
| 150.00 | 08/28/2008 | P | REQUEST<br>*RESULT:* Granted 8/28/2008 HON SALVATORE AGATI | No |
| 151.00 | 09/18/2008 | D | REQUEST<br>*RESULT:* Granted 9/19/2008 HON SALVATORE AGATI | No |
| 152.00 | 10/22/2008 | P | MEMORANDUM IN OPPOSITION TO MOTION | No |
| 153.00 | 01/09/2009 | P | OBJECTION TO MOTION<br>*RESULT:* Sustained 6/18/2009 HON ROBERT BRUNETTI | No |
| 154.00 | 06/18/2009 | C | MEMORANDUM | No |
| 155.00 | 07/06/2010 | P | AMENDED COMPLAINT | No |
| 156.00 | 09/17/2010 | D | OBJECTION TO MOTION | No |
| 157.00 | 09/17/2010 | D | ANSWER TO AMENDED COMPLAINT | No |
| 158.00 | 09/27/2010 | D | MOTION FOR ORDER | No |
| 159.00 | 08/19/2011 | D | APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN | Yes |
| 159.50 | 08/26/2011 | O | RETURN OF SERVICE | No |
| 160.00 | 08/31/2011 | P | AMENDMENT | No |
| 161.00 | 09/08/2011 | P | APPLICATION FOR DISCHARGE OF LIS PENDENS | Yes |
| 162.00 | 09/08/2011 | D | BRIEF | No |
| 163.00 | 09/06/2011 | C | ORDER | No |
| 164.00 | 10/19/2010 | O | APPEAL TO APPELLATE COURT | No |
| 165.00 | 09/26/2011 | C | APPELLATE COURT DECISION APPEAL DISMISSED<br>*RESULT:* 9/26/2011 HON THOMAS BISHOP | No |
| 166.00 | 10/06/2011 | P | REQUEST<br>*RESULT:* Granted 10/13/2011 HON WILSON TROMBLEY | No |
| 167.00 | 10/14/2011 | C | APPELLATE COURT DECISION APPEAL DISMISSED<br>*RESULT:* 10/14/2011 BY THE JUDGE | No |
| 168.00 | 11/15/2011 | P | MEMORANDUM IN OPPOSITION TO MOTION | No |
| 169.00 | 11/18/2011 | C | MEMORANDUM OF DECISION | No |

| 170.00 | 2/2011 | P | MOTION FOR DEFAULT (NON-PB 17-23 FILINGS) | |
| 171.00 | 12/27/2011 | D | ANSWER | No |
| 172.00 | 12/27/2011 | D | OBJECTION TO MOTION | No |
| 173.00 | 01/03/2012 | P | REPLY TO SPECIAL DEFENSE | No |
| 174.00 | 01/26/2012 | C | RECORD CORRECTION<br>Last Updated: Legend Code - 03/07/2012 | No |
| 175.00 | 02/15/2012 | C | JUDGMENT OF DISSOLUTION AFTER UNCONTESTED HEARING<br>RESULT: 2/15/2012 HON ELIZABETH BOZZUTO<br>Notes: Coded In Error - 03/07/2012 | No |
| 176.00 | 02/15/2012 | C | RECORD CORRECTION<br>Last Updated: Legend Code - 03/07/2012 | No |
| 177.00 | 02/15/2012 | C | REPLACE RECORD TO TRIAL LIST STATUS (KEYPOINT 3) AND<br>ERASE ALL HIGHER KEYPOINT DATES | No |
| 178.00 | 05/30/2012 | C | JUDGMENT OF DISMISSAL<br>RESULT: 5/29/2012 HON MARK TAYLOR | No |
| 179.00 | 08/16/2012 | P | MOTION TO OPEN JUDGMENT<br>RESULT: Granted 8/28/2012 HON MARK TAYLOR<br>Last Updated: Result Information - 08/29/2012 | No |
| 180.00 | 08/21/2012 | P | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 181.00 | 08/28/2012 | C | REOPEN FINAL JUDGMENT AND MOVE CASE TO PLEADING<br>STATUS (KEYPOINT 2) | No |
| 182.00 | 08/31/2012 | P | MOTION FOR JUDGMENT | No |
| 183.00 | 08/31/2012 | P | MEMORANDUM IN SUPPORT OF MOTION | No |
| 184.00 | 09/07/2012 | D | OBJECTION TO MOTION | No |
| 185.00 | 09/11/2012 | D | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 186.00 | 09/11/2012 | D | OBJECTION TO MOTION | No |
| 187.00 | 09/13/2012 | D | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 188.00 | 09/14/2012 | P | REPLY | No |
| 188.50 | 10/18/2012 | P | NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY | No |
| 189.00 | 01/17/2013 | P | MOTION - SEE FILE<br>Last Updated: Legend Code - 01/24/2013 | No |
| 190.00 | 04/05/2013 | D | MOTION FOR CONTINUANCE | No |
| 191.00 | 07/26/2013 | P | MOTION FOR CONTEMPT | No |
| 191.50 | 07/26/2013 | P | MEMORANDUM IN SUPPORT OF MOTION | Yes |
| 192.00 | 08/09/2013 | D | MOTION FOR ORDER<br>RESULT: Denied 9/13/2013 HON MARK TAYLOR | No |
| 193.00 | 08/09/2013 | D | OBJECTION TO MOTION | No |
| 194.00 | 08/29/2013 | D | OBJECTION TO MOTION | No |
| 195.00 | 09/13/2013 | C | MEMORANDUM OF DECISION | No |
| 196.00 | 10/02/2013 | P | MOTION FOR STAY | No |
| 197.00 | 10/02/2013 | P | MOTION FOR EXTENSION OF TIME | No |
| 198.00 | 11/07/2013 | P | STIPULATION<br>RESULT: Accepted 11/7/2013 HON MARK TAYLOR | No |
| 199.00 | 11/07/2013 | C | JUDGMENT BY STIPULATION BEFORE TRIAL COMMENCED<br>RESULT: HON MARK TAYLOR | No |

| Individually Scheduled Court Dates as of 01/15/2015 | | | | |
|---|---|---|---|---|
| UWY-CV04-0185033-S - P.EDWARD LIZAUSKAS v. RYAN,MARK | | | | |
| # | Date | Time | Event Description | Status |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. T

check lc    on information about an ADR event, select the **Notices** tab on the top of the case detail page.

Short calendar and family support magistrate calendar matters are *generally not shown* as individual scheduled court events. You can see information on matters appearing on short calendars and family support magistrate calendars by going to the Civil/Family Case Look-Up page and choosing Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates |
Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2015, State of Connecticut Judicial Branch

Page Created on 1/16/2015 at 9:49:10 AM

**P.Edward Lizauskas**
**Decedent Estate Regular**

Case Number: 16801-0055
Date Filed: 08/16/2001

**Fiduciary:**
Nathan Litwin
Sparta Greene Apartments
111 South Highland Avenue, Apt. C36
Ossining, NY 10562

Phone: (860)307-5194



## STATEWIDE GRIEVANCE COMMITTEE
Frances Mickelson-Dera, *First Assistant Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

April 20, 2015

Attorney Thomas Willcutts
285 Farmington Ave.
Hartford, CT 06105

RE:  OVERDRAFT NOTIFICATION #ON-0153-14
    IN RE:  Thomas Willcutts

Dear Attorney Willcutts:

I am in receipt of your letter dated January 8, 2015, regarding the above-referenced overdraft notification matter.

In order to complete the investigation of this matter, additional information is required. Please provide the documentary evidence referenced in your January 8, 2015 answer in support of your explanation. On December 24, 2014 I advised you that I was reserving my investigation of the instant overdraft pending full production by you of all relevant probate court records, including the probate court's final decision. I also requested that you submit the client ledger on whose behalf check #633, made payable to Barrieau Oil Company, was disbursed.

As represented, submit the information requested to the undersigned at the above address within ten (10) days of the date of this letter. Pursuant to Rule 9(b)(3) and (4) of the Statewide Grievance Committee's Rules of Procedure, failure to adequately explain the overdraft to the Office of the Statewide Bar Counsel will likely result in a decision by the Statewide Grievance Committee to forward the matter to a grievance panel for further investigation, or the initiation of a grievance complaint, or both.

Thank you for your anticipated cooperation.

Sincerely,

*Frances Mickelson-Dera*

Frances Mickelson-Dera
First Assistant Bar Counsel

FMD/kag

**Gosselin, Kellie**

| | |
|---|---|
| **From:** | Gosselin, Kellie |
| **Sent:** | Friday, May 01, 2015 10:05 AM |
| **To:** | 'tpw@willcutts.com' |
| **Subject:** | Statewide Grievance Committee/overdraft |
| **Attachments:** | 2299_001.pdf |
| | |
| **Importance:** | High |

I am writing to you to remind you that you have yet to answer our letter requesting more information, see attached. You have until Wednesday, May 6, 2015 to answer the overdraft or your file will be placed on the Statewide Grievance Committee meeting of May 21, 2015.

Kellie Gosselin
Attorney Registration
Attorney Overdraft Notification
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT  06118 - 1885
Tel: (860) 568-5157 (x. 3033)
kellie.gosselin@jud.ct.gov
Fax: (860) 568-4953

**From:** canon@jud.ct.gov [mailto:canon@jud.ct.gov]
**Sent:** Friday, May 01, 2015 10:06 AM
**To:** Gosselin, Kellie
**Subject:** Attached Image

**Gosselin, Kellie**

**From:** Thomas Willcutts <tpw@willcutts.com>
**Sent:** Friday, May 01, 2015 4:06 PM
**To:** Gosselin, Kellie
**Subject:** Re: Statewide Grievance Committee/overdraft

**Importance:** High

Attorney Gosselin,

Thank you for the reminder. I was going to call to request an extension to next week given my current litigation schedule, and I will file my response by the 6th.

- Tom Willcutts

*Thomas P. Willcutts, Esq.*
*Willcutts Law Group, LLC*
*285 Farmington Avenue*
*Hartford, CT 06105*
*860-524-6800 Ext 21*
*860-524-7766 (fax)*
*tpw@willcutts.com*

On May 1, 2015, at 10:04 AM, Gosselin, Kellie <Kellie.Gosselin@jud.ct.gov> wrote:

I am writing to you to remind you that you have yet to answer our letter requesting more information, see attached. You have until Wednesday, May 6, 2015 to answer the overdraft or your file will be placed on the Statewide Grievance Committee meeting of May 21, 2015.

Kellie Gosselin
Attorney Registration
Attorney Overdraft Notification
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT 06118 - 1885
Tel: (860) 568-5157 (x. 3033)
kellie.gosselin@jud.ct.gov
Fax: (860) 568-4953
**From:** canon@jud.ct.gov [mailto:canon@jud.ct.gov]
**Sent:** Friday, May 01, 2015 10:06 AM
**To:** Gosselin, Kellie
**Subject:** Attached Image

<2299_001.pdf>

1

# WILLCUTTS LAW GROUP, LLC

RECEIVED
MAY 06 2015
STATEWIDE
GRIEVANCE COMMITTEE

Attorneys at Law

285 Farmington Avenue
Hartford, CT 06105
Tel (860) 524-6800
Fax (860) 524-7766

*Thomas P. Willcutts*
tpw@willcutts.com

May 6, 2015

Frances Mickelson-Dera, First Assistant Bar Counsel
Statewide Grievance Committee
287 Main Street
Second Floor – Suite Two
East Hartford, CT 06118-1885

Re:   **Overdraft Notification #ON-0153-14**
      **In Re: Thomas Willcutts**

Dear Attorney Mickelson-Dera:

This will acknowledge and reply to your letter of April 20, 2015 and attorney Gosselin's May 1, 2015 email extending my reply date to May 6, 2015.

I had previously filed a partial response to this inquiry, as we were waiting upon the Probate Court with jurisdiction over the matter to issue a formal decision as to the funds at issue. I am repeating some of the information contained in that prior response in order to provide a comprehensive response in this letter.

The matter giving rise to the controversy at issue is a civil litigation case that was formerly pending in the Waterbury Superior Court – *P. Edward Lizauskas v. Mark Ryan, ET AL, UWY-CV-04-0185033-S* (the "Action"). This Action was brought to recover property and funds on behalf of the Estate of P. Edward Lizauskas (deceased)(the "Estate"). My office took over the representation of the Estate in this Action in 2006, which continued until the case was finally settled in 2013.

Technically, the title of the case was incorrect, as the original attorneys for the Estate mistakenly brought the case in the name of the Estate, where they should have brought it in the name of the Administrator of the Estate – Nathan Litwin. At the time Mr. Litwin was appointed Administrator of the Estate, he was a licensed Connecticut attorney, but several years after his appointment he moved out of State and currently resides in Ossining, New York. As such, whenever possible, he authorized me to act on his behalf, so that he was not required to make special trips back to Connecticut. The Estate had no assets other than the Action that I was prosecuting on its behalf.

The Action was settled in the amount of $411,640.00 by the terms of a Settlement Agreement dated November 5, 2013 (Exhibit A), which was approved by the Superior Court and signed by Judge Mark Taylor after a hearing on November 7, 2013. The Agreement was drafted by defense counsel on their letterhead – Kolesnik Law Firm, and the signature line for the Estate did not list the Administrator, Nathan Litwin, but rather it was entitled "Estate of P. Edward Lizauskas." I pointed this inaccuracy out to Judge Taylor during the hearing to approve the settlement, and I indicated to him that, in any case, I was properly authorized by Nathan Litwin to execute the Agreement on behalf of the Estate. Judge Taylor accepted my authority in this regard. (Exhibit B, pp. 11-13).

Although the Settlement Agreement recited a settlement amount of $410,000, it was clarified during the hearing that this amount was augmented by interest to bring the total settlement to $411,640. (Exhibit B, p. 7). Defense counsel presented a check to me in that amount made payable to "The Estate of P. Edward Lizauskas & Attorney Thomas Willcutts, Trustee." (Exhibit C). That check was deposited into my IOLTA account by stamp, "For Deposit Only." Id.

Following the settlement, Mr. Litwin submitted a Final Accounting for the Estate to the Southbury Probate Court, seeking approval for distribution of the settlement funds. One of the beneficiaries of the Estate, Iris Lord, objected to the Final Accounting and the matter was scheduled for a hearing. The hearing on the Final Accounting was substantially delayed due to the original Probate Judge, Domenick Calabrese, recusing himself at the request of Ms. Lord. Judge Calabrese was replaced by Judge Joseph Egan, Jr. As set forth in Judge Egan's Memorandum of Decision on the Final Accounting, the principal issue for him to decide was Ms. Lord's challenge of my 1/3 contingency fee and Mr. Litwin's Administrator's fee. (Exhibit D).

While the proceedings before Judge Egan were ongoing, *D Counsel* attorney Robert Kolesnik submitted a letter complaint dated November 10, 2014 to my bank, First Niagra, complaining that the settlement check, which was stamped for deposit into my IOLTA account, should have had a separate endorsement for "The Estate of P. Edward Lizauskas," before being deposited. (Exhibit E). This letter requests that First Niagra "restore these funds to [Kolesnik's] trustee account." Once again, I had previously signed the Settlement Agreement on behalf of the Estate of P. Edward Lizauskas, which had been accepted by attorney Kolesnik at that time and my authority to do so was specifically approved by Judge Taylor. Attorney Kolesnik later explained that he was prompted to take this action by Ms. Lord, which was confirmed by counsel for First Niagra. (Exhibit F).

As a result of receiving this Complaint, First Niagra placed a temporary "administrative hold" on my entire IOLTA account, as explained by its attorney, James Byrne. Id. This temporary administrative hold on my IOLTA account caused a check that was unrelated to the Estate to be refused, despite the presence of funds to cover the check. The check in question (#633) in the amount of $1,091.77 was for payment of a law firm office expense, a Barrieau Oil invoice (Exhibit G), from a fee earned in an unrelated matter. This was the only check

affected by the temporary administrative hold, as it was issued before attorney Kolesnik's complaint was received by First Niagra.

When I was informed of First Niagra's administrative hold on the account and the consequent refusal of check #633, I was referred to attorney James Byrne for First Niagra. Attorney Byrne indicated to me at that time that he was not in a position to have the hold lifted until the Bank received guidance from the Probate Court, but he agreed that any new funds deposited into the account would not be affected by the hold, and so additional funds were deposited to cover check #633, which was resubmitted and promptly paid.

In response to Kolesnik's complaint, the Estate Administrator, Nathan Litwin, confirmed in writing my authority to execute documents on behalf of the Estate, including the endorsement of checks. (Exhibit H). This issue was raised in proceedings before Judge Egan, and he indicated that he had no problem with my depositing the settlement funds into my IOLTA account, but he did not separately address the issue apart from this Memorandum of Decision on the Final Accounting (Ex. D), wherein he indicated that the funds could be held by either the Administrator or myself, acting as his attorney.

In Judge Egan's decision, he gave the following instructions concerning the settlement funds of $411,650:

1)    The Administrator shall pay the outstanding Court fee immediately but no later than January 28, 2015.

That fee was $2,021.91 and was paid by check #657. (Exhibit I).

2)    In the event of an appeal the estate funds shall be held by the Administrator or his attorney in an interest bearing account pending final judicial resolution.

An appeal was filed and is currently pending in the Waterbury Superior Court: *Iris Lord v. Region Probate District #22 Southbury, CT*, UWY-CV15-6026379-S. Consequently, I opened interest bearing accounts at First Niagra in the name of the Estate as attorney for the Administrator, per the Judge's Order. After payment of the Probate Court fees, the balance of the settlement being held was $409,618 (411,640 - 2,021.91). In order to get the best interest rates, First Niagra advised me to split this amount into two accounts and to open a checking account for the minimal amount of $50. The opening statements for these three accounts are attached hereto as Exhibit J, and the funds are being maintained in those accounts per the Probate Court's Order.

In summary, a complaint about an endorsement on an IOLTA deposit led to a temporary administrative hold on the IOLTA account, which caused one check to be briefly declined. The endorsement at issue was entirely proper, as it was authorized by the Estate Administrator and consistent with Judge Mark Taylor's approval of my having authority to execute settlement documents on behalf of the Estate. Subsequently, the Probate Court approved my continuing to hold the

settlement funds at issue on behalf of the Estate, pending the final resolution of an Appeal of the Probate Court's ruling on the final Estate Accounting.

If you require anything further of me, please let me know.

Very truly yours,

Thomas P. Willcutts

Attachments

# EXHIBIT A

DOCKET NO: UWY-CV-04-0185033-S     :     SUPERIOR COURT

P. EDWARD LIZAUSKAS     :     J.D. OF WATERBURY

V.     :     AT WATERBURY

MARK RYAN, ET AL     :     NOVEMBER 5, 2013

## SETTLEMENT AGREEMENT

Whereas this matter has been pending for many years at great expense to the parties and unless settled will require expenditure of extraordinary time, effort and money in the Trial and inevitable appeals which will ensue; and

Whereas the Defendants maintain that they are not liable to the Plaintiff at all for any of the alleged actions, allegations or counts in the complaint; and

Whereas the Defendants have a good and valid defense to all such allegations and are prepared to present those defenses at Trial and are confident that they will win at Trial; and

Whereas this matter was referred for mediation many months ago; and

Whereas the parties realize that even though they are confident that they will win the case, the extraordinary cost and delay of an extended and complicated Trial and an inevitable appeal justifies for economic reasons only that a nuisance settlement is in the best interest of the defendants;

Whereas this settlement shall in no way be intended or used by anyone as an admission of any liability whatsoever by the Defendants but is merely a nuisance settlement to avoid the expense and delay of Trial;

Now therefore be it hereby agreed stipulated to and ordered by the Court that:

1. Judgment shall enter in favor of the Defendants and against the Plaintiff on all counts of the Revised Complaint dated July 6, 2010 (the operative complaint).

2. The ownership of the corporate stock of Lizbro, Inc. is found to be:
    50% owned by the Estate of Adam Lizauskas;
    50% owned by the Defendant Mark Ryan.



SUPERIOR C…
WATERBURY

NOV 0 7 20…

3. Lizbro Inc shall pay out of its Court ordered escrow fund on behalf of Mark Ryan (to be deducted from his distributive share of Lizbro, Inc. assets upon dissolution of the corporation) the sum of $410,000.00 in full satisfaction of any and all claims the Plaintiff may have against either defendant.

4. Upon payment of said $410,000.00 all lis pendens, liens, claims and/or Court ordered restrictions on any and all corporate assets, real estate, liquid assets or cash are hereby ordered released and terminated and the Plaintiff shall simultaneously deliver to Plaintiff's attorney in form reasonably acceptable to Plaintiff's attorney specific and general releases of any and all liens and liability of any claims arising out of the allegations of this case.

5. Plaintiff and Defendant's attorneys shall respectively each retain in escrow the $410,000 payment and all releases given hereunder until the 20 day appeal period for this Judgment expires. If an appeal is filed by anyone the attorneys shall continue to retain the settlement money and releases in escrow until the appeals are complete or further order of Court.

_____
Estate of P. Edward Lizauskas

_____
Mark Ryan

_____
Lizbro, Inc. by Adam Lizauskas

_____

_____

_____

Approved and ordered by the Court _____  11/7/13

# EXHIBIT B

1

NO: UWY-CV04-0185033S     :   SUPERIOR COURT

P. EDWARD LIZAUSKAS      :   JUDICIAL DISTRICT
                             OF WATERBURY

V.                       :   AT WATERBURY, CONNECTICUT

MARK RYAN               :   11-7-13


NO: UWY-CV08-4018121S    :   SUPERIOR COURT

JAMES METER             :   JUDICIAL DISTRICT
                             OF WATERBURY

V                        :   AT WATERBURY, CONNECTICUT

MARK RYAN               :   11-7-13


        BEFORE THE HONORABLE MARK TAYLOR, JUDGE

A P P E A R A N C E S:

    Representing the Plaintiff:
      Attorney James Wilcutts



    Representing the Defendants:
      Atty. Robert Kolesnik, Sr.

      Atty. Craig Taschner
      For Mark Ryan


Also Present:  Atty James Meter

               Atty. Fred Mascolo

               Iris Lord



                    Reported By:
                    Linda Coon, RPR, LSR
                    Certified Court Reporter II
                    300 Grand Street
                    Waterbury, CT   06702

1 (2:31 IN SESSION).

2 THE COURT: Good afternoon, everyone.

3 ATTY. TASCHNER: Good afternoon, Your Honor.

4 ATTY. KOLESNIK, SR.: Good afternoon, Your

5 Honor.

6 ATTY. WILCUTTS: Good afternoon, Your Honor.

7 THE COURT: I'm presented with two settlement

8 agreements. I will put on the record the docket

9 numbers and the names of the cases. The first one is

10 Lizauskas versus Ryan. It is docket CV04-O0185033.

11 I also have a companion case stipulation. The case

12 of Meter versus Ryan CV08-4018121.

13 Would the parties identify themselves for the

14 record? Let's start with Lizauskas versus Ryan.

15 ATTY. WILCUTTS: Attorney Thomas Willcutts for

16 the plaintiff, Your Honor.

17 ATTY. KOLESNIK, SR.: Robert Kolesnik, Sr., for

18 one of the defendants.

19 ATTY. TASCHNER: Craig Taschner for the

20 defendant, Mark Ryan.

21 THE COURT: Those are all the parties in

22 Lizauskas versus Ryan; correct?

23 ATTY. KOLESNIK, SR.: Yes, Your Honor. May the

24 record reflect there are other parties here as well.

25 Attorney James Meter who has an appearance in that

26 file for LIZBRO, I believe, or for the estate.

27 Attorney Joseph Horsepa doesn't have an

1   appearance, but has been very instrumental in

2   bringing about the settlement.  He represents one of

3   the stockholders, Adam Lizauskas.  And, Fred Mascolo,

4   one of our eloquent, senior members of the bar,

5   represents Tom Lizauskas, one of the directors in the

6   corporation.  Doesn't have an appearance in the file,

7   but he's also been very instrumental in bringing all

8   these parties together.

9       THE COURT:  Thank you.

10      How did you want to present this?  Do you want

11  to summarize the agreements serially or together?

12      ATTY. KOLESNIK, SR.:  Either way.  I could do

13  that, Your Honor.  We are stipulating to judgment in

14  both cases.

15      THE COURT:  Please proceed.  Tell me what you've

16  done.

17      ATTY. KOLESNIK, SR.:  I can.  Maybe I can

18  outline it.

19      In the P. Edward case, Your Honor, we have a

20  settlement agreement which embodies in it a

21  stipulation for judgment of the Court.  It's got some

22  boiler plate in it, but essentially it provides that

23  without any admission of liability or responsibility

24  the sum of $410,000 will be paid by the corporation,

25  by LIZBRO, on behalf of Mark Ryan, one of the

26  stockholders, to the plaintiff, Attorney Thomas

27  Willcutts, on behalf of the Estate of P. Edward

1     Lizauskas. And that settlement agreement provides

2     for releases of Lis Pendens which are on the land

3     records which Mr. Willcutts has already signed and

4     provided me with just a moment ago. It provides --

5     it doesn't specifically say so, but it impliedly or

6     implicitly -- it resolves the Audobond hearing in

7     front of Judge Agati which should either go away or

8     be withdrawn and the Motion for Contempt which was

9     pending which should go away or be withdrawn since

10    judgment is being entered.

11       So, this is a global resolution of all of those

12    things. The record should reflect that I have given

13    to Mr. Willcutts the check. He's given to me the

14    release of lis pendens. And the stipulation

15    provides, Your Honor, that The Court orders of

16    restriction from Judge Trombley originally on the

17    escrow monies that I have -- that Mr. Taschner and I

18    have jointly, corporate monies -- those are also

19    released by this judgment. They were originally

20    Court orders and the document that we've given you

21    provides for their release. And so that there is

22    nothing on the land records about that. The only

23    thing on the land records is the Lis Pendens.

24       The parties have agreed that if there are any

25    other documents that need to be signed to fulfill the

26    spirit and intent of our settlement, that we will do

27    so, but we think that we have all the documents we

1   need today.

2       And, so, judgment, in fact, may enter in

3   accordance with the stipulation -- assuming Your

4   Honor approves it -- there is a place for an order of

5   the Court.

6       Now, along concurrently with that, we have

7   also -- Attorney Taschner and I, and Meter -- have

8   stipulated to a judgment of the dissolution of the

9   corporation known as LIZBRO and that's in the case of

10  Meter versus Ryan. Docket number UWY CV08-408121S.

11  And that was the case of -- it was a contested

12  corporate dissolution suit. One of the stockholders,

13  Ryan, was contesting the dissolution of the

14  corporation. We have stipulated in a brief judgment,

15  but nevertheless, I think complete that the

16  corporation -- there will be an order of the Court

17  dissolving the corporation so that LIZBRO, Inc. will

18  be dissolved.

19      There are substantial assets. I think six or

20  seven parcels of land left having substantial value,

21  so there will be a considerable winding up period in

22  how we liquidate and/or distribute those assets. The

23  judgment that we've crafted says that the Court will

24  retain jurisdiction over the winding up process. And

25  it also provides that we can -- we are going to get

26  appraisals for all the property, and it also provides

27  that the two stockholders -- the two major

stockholders here -- that the stockholders within 30 days of the appraisals being complete, each will file with the Court, copies of their proposed winding up, and dissolution, and distribution scheme. And if we can come to an agreement on that, that's fine. If we don't come to an agreement, we reserve the right to come back to the Court under the winding up process which the statute provides for, for either some help or for some guidance, or possibly the appointment of a receiver if that becomes necessary.

So, again, we think we've covered all bases in that. And that completely resolves the subject only to the winding up process and the dissolution, the case of Meter versus Ryan.

THE COURT: Okay. And Lizauskas versus Ryan, the general agreement, the ownership of the stock at LIZBRO is found to be 50 percent owned by the Estate of Adam Lizauskas and 50 percent owned by the defendant Mark Ryan and then there is a $410,000 payment that's to be made. Is that -- is that equally from those 50 percent?

ATTY. KOLESNIK, SR.: No. The agreement provides, Your Honor -- that, that was one of the things that took us so long. The agreement provides that initially the 410,000 which is being paid out of corporate funds, and those funds realized from the sale of an 80-acre parcel last year, 410,000 of the

1   funds that I have in escrow should be paid and, in
2   fact, have been paid to Mr. Willcutts. It's
3   actually -- I should note for the record, Your Honor,
4   it's 410,000 plus I believe $1,640 in interest. The
5   agreement says 410 but we've agreed --

6   And so the check I've given Mr. Willcutts an
7   accounting, the check reflects not only the 410 but
8   the interest that we agreed to. And that payment of
9   410, our agreement provides will be initially debited
10  to Mark Ryan's corporate account, so to speak, or
11  capital account so to speak, and in the dissolution
12  and the distribution of assets, it will be deducted
13  from his share understanding that it's only in
14  advance. Basically we are loaning him the money;
15  however there is a caveat, and that is, and it's in
16  writing, that, that stockholder, Mark Ryan, reserves
17  the right to advocate that 110,00 of the 410,000 be
18  paid by the other stockholder, the Estate of Adam
19  Lizauskas, and that, that dispute will be handled in
20  the winding up process.

21      THE COURT: Where does it say that? I just want
22  to understand. Paragraph three reflects what you
23  just told me.

24      ATTY. KOLESNIK, SR.: It actually is in the
25  first paragraph of the stipulation, Your Honor, about
26  the fourth line down.

27      ATTY. TASCHNER: In Meter vs Ryan, Your Honor.

1   ATTY. KOSLESNIK, SR.: In Meter versus Ryan.

2   THE COURT: I see. I'm sorry. Which line?

3   ATTY. TASCHNER: The parenthetical.

4   ATTY. KOLESNIK, SR.: First paragraph about the

5   fourth or fifth line, Your Honor.

6   THE COURT: I see it. Yeah.

7   Ryan reserves the right to contest and advocate

8   in the distribution process that 110 shall be the

9   responsibility of the Estate of Adam Lizauskas...

10  Anything else that you would like to put on the

11  record?

12  Is there anything else that you would like to

13  put on the record at this point?

14  ATTY. KOLESNIK, SR.: No, Your Honor.

15  THE COURT: Anyone?

16  ATTY. TASCHNER: Just briefly, Your Honor.

17  Just to make it clear, that in the Meter versus

18  Ryan case, the judgment of dissolution that's

19  entering, is in the nature of a partial judgment

20  since the Court is going to retain jurisdiction. The

21  case is to remain open.

22  THE COURT: This is not a complete and/or final

23  judgment.

24  ATTY. TASCHNER: It's interlocutory in nature.

25  It orders the corporation dissolved and now we need

26  to either agree and file a stipulation regarding the

27  distribution in winding up, or down the road have

hearings if we need it. That's where we are.

THE COURT: And, your client is?

ATTY. TASCHNER: Mark Ryan.

THE COURT: And you have authority to enter into this agreement today?

ATTY. TASCHNER: Yes. I'll represent that I have his signature original on the corporate resolution that authorized this.

THE COURT: And I see the same for Attorney Kolesnik. You've signed this individually as well; is that correct?

ATTY. KOLESNIK, SR.: I've signed as an attorney and we also have the other two directors here, Your Honor, who have signed the originals of the stipulation as is necessary authorizing the settlement. And that's Tom Lizauskas is here and Adam Lizauskas is here with their lawyers.

THE COURT: And I see that LIZBRO is signed by Adam Lizauskas as president?

ATTY. KOLESNIK: Correct.

THE COURT: James meter signed individually.

ATTY. KOLESNIK, SR.: James Meter is the Executor of the Estate of Adam Lizauskas which is the 50 percent stockholder in addition with Mark Ryan.

THE COURT: Individually?

ATTY. KOLESNIK, SR.: Individually.

ATTY. METER: The administrator --

1    COURT REPORTER:  Please state your name first.

2    ATTY. METER:  James Meter.  And I'm

3    administrator, DBN, on the Estate of Adam N.

4    Lizauskas, Sr.

5    THE COURT:  And you've signed in what capacity?

6    ATTY. METER:  As administrator.

7    THE COURT: Not in your individual capacity as

8    reflected on the signature?

9    ATTY. METER:  No.  That's the way it was made

10   up.

11   THE COURT:  That's why I'm asking these

12   questions, counsel.

13   ATTY. METER:  As administrator, not

14   individually.

15   THE COURT:  Okay.

16   ATTT. KOLESNIK:  He also has an appearance in

17   that case, Your Honor.

18   THE COURT:  Okay.

19   ATTY. KOLESNIK:  And so do I.  And maybe I

20   should have put titles when I drafted this.

21   THE COURT:  I oftentimes look for those things.

22   You are not signing in your individual capacity in

23   that case.

24   ATTY. KOLESNIK, SR.:  Point is well taken.  But

25   we have a dual capacity.  We are also lawyers in the

26   case.

27   THE COURT:  So, as attorney for the client, you

1  are signing?

2      ATTY. KOLESNIK, SR.: I've signed as attorney

3  for LIZBRO.

4      THE COURT: For LIZBRO.

5      Okay. And that's in Meter versus Ryan?

6      ATTY. KOLESNIK: Correct.

7      THE COURT: And then on the Lizauskas versus

8  Ryan, I have the Estate of Edward Lizauskas and

9  Attorney Willcutts.

10      ATTY. WILCUTTS: Yes. I would only add, Your

11  Honor -- and I'm signing as attorney for the

12  plaintiff -- that effectively the plaintiff is

13  Nathan Litwin(phonetic) as the Administrator for the

14  Estate, so that would be a more accurate signature

15  line for that, I suppose.

16      THE COURT: I'm sorry. Again?

17      ATTY. WILCUTTS: Nathan Litwin is the

18  Administrator of the Estate of Edward -- P. Edward

19  Lizauskas, so he is technically the plaintiff as in

20  his fiduciary capacity.

21      THE COURT: And you have his authority to do

22  this?

23      ATTY. WILCUTTS: I do.

24      And, Your Honor, in terms of -- I think the

25  Court entering judgment in terms of the ownership of

26  the stock is appropriate. That there was a

27  declaratory judgment action which asks the Court to

determine ownership. And from the perspective of the plaintiff, as Attorney Kolesnik indicated, we were pursuing an Audobon matter to enforce the settlement, and also had brought a contempt motion because believing that the money -- the monies could only be spent if the settlement had been paid. So, we think the way the order is set up to order that payment is appropriate. And the exchanges that Attorney Kolesnik described are contingent in terms of becoming final on the Court approving the judgment in front of it.

THE COURT: All right. Are there any canvasses that the attorneys would like to conduct of their clients at this point in time or should we just leave this to the written agreements that have been signed?

ATTY. TASCHNER: I'm good with the writings, Your Honor.

ATTY. KOLESNIK, SR.: I don't feel --

THE COURT: I'm sorry?

ATTY. TASCHNER: I'm fine with the writings.

ATTY. KOLESNIK, SR.: I'm fine, Your Honor. We've met and discussed it with their lawyers here, and I'm satisfied that both Adam and Tom understand it and are -- have executed this of their own free act and deed.

ATTY. WILCUTTS: Yes. Attorney Litwin is not here, Your Honor, but I do have his full approval.

THE COURT: Is there anyone else who would like to say anything about this agreement at this point in time?

Atty. MASCOLO: If your Honor please, I don't have an appearance, but I would like to have just one statement on the record --

THE COURT: Identify yourself for the record?

ATTY. MASCOLO: Yes. Excuse me. I'm sorry. Frederick Mascolo.

THE COURT: Thank you.

ATTY. MASCOLO: Attorney for Tom Lizauskas, one of the directors of the corporation.

I would like, on the record, that Mr. Lizauskas is present in court. We had many meetings about this matter. Everything was explained to him in it's entirety, and he's totally in agreement with the settlement.

Is that correct, Mr. Lizauskas?

MR. LIZAUSKAS: Yes, it is.

THE COURT: Thank you very much, Mr. Lizauskas.

ATTY. MASCOLO: Thank you, Your Honor.

THE COURT: Is there anyone else?

Miss Lord, why don't you come up to one of the microphones.

I know you are not a party, but you have been described as an ever interested party in this matter.

MS. LORD: Thank you, Your Honor.

1    I've been through the negotiations and it would

2  be 410 with 310 to me, and I'm in agreement with

3  that.

4    Thank you.

5    THE COURT:  Thank you very much.

6    No questions?

7    All right.  How would you like to proceed?

8    I think there is a signature line for the

9  approval of the Court.  I'm very happy to sign this

10  agreement.  I know that this is a case that has a

11  long history in this courthouse.  I'm glad it's being

12  brought to an end.  Today's date is the seventh.

13    ATTY. TASCHNER:  Seventh, Your Honor.

14    ATTY. WILCUTTS:  Your Honor, I don't want my

15  silence to be token consent.

16    The statement by Miss Lord, the settlement is to

17  the Estate of P. Edward Lizauskas.  How those funds

18  are then divided within that estate is going to be a

19  matter for the Probate Court to handle is my

20  understanding.

21    THE COURT:  I understand.

22    Thank you.

23    All right.  I don't know whether or not you need

24  copies of these or how you want to --

25    Have you got copies of your own.

26    ATTY. KOLESNIK, SR.:   I'm sorry.  I didn't

27  hear you.

1  THE COURT:  Do you have copies of your own --

2  ATTY. KOLESNIK, SR.:  We have copies of

3  everything, Your Honor.

4  THE COURT:  Nothing else.

5  Thank you very much.

6  Congratulations.  Thank you very much.

7  (2:50 ADJOURNED)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NO: UWY-CV04-0185033S  :  SUPERIOR COURT

P. EDWARD LIZAUSKAS    :  JUDICIAL DISTRICT
                          OF WATERBURY

V.                     :  AT WATERBURY, CONNECTICUT

MARK RYAN              :  11-7-13


NO: UWY-CV08-4018121S  :  SUPERIOR COURT

JAMES METER            :  JUDICIAL DISTRICT
                          OF WATERBURY

V                      :  AT WATERBURY, CONNECTICUT

MARK RYAN              :  11-7-13


## C E R T I F I C A T E


    I, Linda Ann Coon, hereby certify that this is a true and accurate transcription of my notes of the above-referenced case, heard in Superior Court, Judicial District of Waterbury, Connecticut, before the Honorable Mark Taylor on this 7th day of November, 2013.


    Dated this 14th day of November, 2013, in Waterbury, Connecticut.


                      *Linda Ann Coon*

              Linda Ann Coon, RPR, LSR
              Certified Court Reporter II

# EXHIBIT C

**ROBERT S KOLESNIK P C**
**ATTORNEY AT LAW**
**TRUSTEE ACCOUNT IOLTA**
49 LEAVENWORTH ST STE 200
WATERBURY, CT 06702

1046

541-742/52111
07

DATE November 7, 2013

PAY.
TO THE
ORDER OF The Estate of P. Edward Lizauskas & Attorney Thomas Willcutts, Trustee $ 411,640.00

Four Hundred Eleven Thousand Six Hundred Forty 0/100 —————————————————— DOLLARS

Thomaston Savings Bank

FOR _____

⑈041⑈ ⑆241742591⑆ 600 023 994⑈

PAY TO THE ORDER OF
NEW ALLIANCE BANK
FOR DEPOSIT ONLY
WILLCUTTS LAW GROUP, LLC
7031026100

# EXHIBIT D

DISTRICT OF REGION 22          DISTRICT# 22

THE ESTATE OF:  P. EDWARD LIZAUSKAS

File No.: 01-0055

Date:  January 13, 2015

## MEMORANDUM OF DECISION

*Egan, J.*   Nathan P. Litwin (hereinafter Litwin), Administrator, has submitted his Final Financial Report to the Court dated July 11, 2014. A hearing on said report was held on October 16, 2014 and various objections were raised to said account by Iris Lord (hereinafter Lord), an interested party in the proceedings.

The assets of this estate essentially consist of the proceeds from a lawsuit brought by the Estate against a Mark Ryan, UWY-CV04-0185033S, Superior Court, Judicial District of Waterbury.  A Settlement Agreement was approved by the Hon. Mark Taylor on November 7, 2013 and the Estate was to and did receive $410,000.00.

At the hearing on the Financial Report Lord submitted a copy of the November 7, 2013 transcript that was admitted into evidence.

Lord argues that there was an agreement that she was to receive net proceeds of $310,000.00 and that any fees and expenses that would cause her to receive less than $310,000.00 should be disallowed. She also argued that the Estate's litigation Attorney, Thomas Willcutts (hereinafter Willcutts) agreed to reduce his fee accordingly to accomplish the above. Willcutts had a retainer agreement with Litwin whereby they agreed the attorney's fee would be one third of the proceeds plus expenses.

In reviewing the transcript submitted by Lord none of the attorneys present mentioned anything to Judge Taylor to the effect that Lord was to receive $310,000.00. On Page 14, lines 1 and 2, Lord stated to Judge Taylor "…. It would be 410 with 310 to me, and I'm in agreement with that."

At the hearing on the Financial Report Lord asked Willcutts why, on November 7, 2013, he had not objected to the above statement if he disagreed with it. The question actually seemed to come from Attorney

Robert Kolesnik, Sr., who had been testifying and handed a piece of paper to Lord immediately prior to her asking the question. In any event, Willcutts seemed to answer that he did object. Looking again to the transcript submitted by Lord on Page 14, Lines 14-21, it states, "Atty. Wilcutts: Your Honor, I don't want my silence to be token consent. The statement by Miss Lord, the settlement is to the Estate of P. Edward Lizauskas. How those funds are then divided within that estate is going to be a matter for the Probate Court to handle is my understanding. The Court: I understand." After that neither Ms. Lord nor any of the attorneys present addressed Willcutt's statement to the judge.

In reviewing the November 7, 2013 transcript and having heard the parties the Court does not find that the Retainer Agreement between Litwin and Willcutts was modified. It seems clear that at the Superior Court hearing to approve the settlement only Lord brought the issue up and Willcutts did not seem to agree in that he deferred to this court. Neither Lord nor the other attorneys present followed up on Willcutt's statement to Judge Taylor.

As to fiduciary fees Connecticut has long held that fiduciaries are entitled to "reasonable" compensation, based upon the services they render. _Hayward v. Plant_, 98 Conn. 374, 119 A. 341 (1923). In _Hayward_ the Connecticut Supreme Court established the following guidelines:

"In this connection, "reasonable" means what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been settled and the time and service required, and any other circumstances which may appear in the case are relevant and material to this determination," 98 Conn, at 385. As to attorney's fees the principles used by the Probate Court to review compensation are very similar to the "rule of reasonable compensation" and the factor analysis developed in _Hayward v. Plant_ and subsequent decisions, 3 Connecticut Probate Law Journal 301.

With the above case in mind the Court has reviewed the file, has heard the arguments made at the hearing on said Financial Report, and

has carefully reviewed the memoranda and exhibits submitted by the parties.

The Court finds the Attorney's fees and disbursements listed on PC 180 to be reasonable and they are, therefore, allowed.

Applying the <u>Hayward</u> standard to the Administrator's fee of $40,492.86 the Court finds it to be excessive and it is reduced to $30,000.00.

In addition the Region 22 court fees are still outstanding and should be paid forthwith.

The Court further finds that notice was given in accordance with the order of notice previously given.

WHEREFORE, it is ORDERED AND DECREED that: Said account is allowed and approved, except as follows:

1. The Administrator's fee to Nathan P. Litwin is hereby reduced to $30,000.00.

2. The Administrator shall pay the outstanding Court fee immediately but no later than January 28, 2015.

3. All remaining expenses and fees delineated on the Financial Report and the distribution to the Estate of Grayce Lizauskas shall be paid upon expiration of the statutory

appeal period. In the event of an appeal the estate funds shall be held by the Administrator or his attorney in an interest bearing account pending final judicial resolution.

It is further ORDERED AND DECREED that the fiduciary make due return of compliance with this Order in his Affidavit of Closing.

Dated at Bethel, Connecticut, this 13th day of January, 2015.

BY THE COURT

JOSEPH A. EGAN, JR.,

ACTING JUDGE

# EXHIBIT E

# KOLESNIK LAW FIRM
### A Professional Corporation
## ATTORNEYS & COUNSELORS AT LAW

### FORTY NINE LEAVENWORTH STREET, SUITE 200
### WATERBURY, CONNECTICUT 06702

ROBERT S. KOLESNIK, P.C.
ROBERT S. KOLESNIK, Jr
STEPHANIE E. CUMMINGS

TELEPHONE 203-574-5233
TELECOPIER 203-753-1662

WOODBURY OFFICE
244 MAIN STREET SOUTH
WOODBURY, CONNECTICUT
TELEPHONE 203-263-5694
TELECOPIER 203-753-1662

PATRICK J. HEERAN
Of Counsel

PLEASE REPLY TO WATERBURY OFFICE

November 10, 2014

*Via Facsimile 203-250-2369*
First Niagara Bank – Cheshire
Attn: Ms. Lori Gonzalez

Dear Ms. Gonzalez:

Enclosed please find a copy of my trustee check payable to The Estate of P. Edward Lizauskas and Attorney Thomas Willcutts, Trustees. The check required two signatures to be cashed or deposited but I believe your Hartford branch allowed a deposit into the account of Attorney Thomas Willcutts without requiring a signature for the Estate of P. Edward Lizauskas.

If that is the case, we are asking you to restore these funds to my trustee account.

Very truly yours,

Robert S. Kolesnik, Esq.
RSK/law
Enclosure

ROBERT B KOLESNIK P C
ATTORNEY AT LAW
TRUSTEE ACCOUNT IOLTA
49 LEAVENWORTH ST STE 200
WATERBURY, CT 06702

1046

PAY
TO THE
ORDER OF  The Estate of P. Edward Lizauskas & Attorney Thomas Willcutts, Trustee

DATE November 7, 2013

$ 411,640.00

Four Hundred Eleven Thousand Six Hundred Forty 0/100——————————————————— DOLLARS

Thomaston Savings Bank

FOR

⑈008046⑈ ⑆236687⑆2594⑆ 600 083 994⑈

Cleared Nov. 12, 2013

# EXHIBIT F

December 5, 2014

Thomas P. Willcutts
Willcutts Law Group, LLC
285 Farmington Avenue
Hartford, CT 06105
tpw@willcutts.com

Re:     Overdraft Notice;  In Re Thomas P. Willcutts, Esq.

Dear Tom:

As you know, I represent First Niagara Bank, NA ("First Niagara"). This letter is to follow conversations you and I have had concerning a Statewide Grievance Committee inquiry into a check that bounced on your IOLTA Account at First Niagara. It is my understanding that you may submit this letter to the Committee in support of other materials you are providing to them.

The check in question was not returned due to insufficient funds. In fact, there were ample funds in the IOLTA account. Rather, the check was returned because First Niagara had placed an administrative hold on the Account as a result of a claim by Iris Lord, a third party in certain Probate Court litigation in which you serve as counsel to an Estate, that you deposited a two party check into your IOLTA Account with only one signature – a position you dispute. Putting aside the merits of Ms. Lord's claim, the claim has the potential to cause a loss to the Bank, and as a result, the Bank asserted an administrative hold on your IOLTA Account pending a resolution of the issue by the parties or Probate Court order, which is expected as early as next Wednesday. It is my understanding that the bounced check was in the pipeline before the Bank asserted the hold or before you knew of the hold. You thereafter deposited additional funds into the IOLTA Account to cover the bounced check.

Please do not hesitate to contact me should you have any questions.

Very truly yours,

//S//

James R. Byrne

E-mail: James.Byrne@leclairryan.com
Direct Phone: 860.656.1949
Direct Fax: 860.656.1993

One Financial Plaza, 755 Main Street, Suite 2000
Hartford, Connecticut  06103
Phone: 860.656.1520 \ Fax: 860.656.1521

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \  NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.

**EXHIBIT G**

Payments received after this date
will appear on next month's billing.

12/02/14


**STATEMENT**

BARRIEAU OIL CO., INC.
94 REED AVENUE
WEST HARTFORD, CT 06110
TEL (860) 953-6111

BILL TO ACCOUNT #:
      23606

PLEASE INSERT AMOUNT PAID

$ _____

This statement due when rendered.

ATTN: TOM WILLCUTS
WILLCUTS LAW GROUP LLC
285 FARMINGTON AVENUE
HARTFORD, CT 06105

Reference

WILLCUTS LAW  GROUP LLC
285 FARMINGTON AVENUE
HARTFORD, CT 06105

TEAR ON DOTTED LINE AND RETURN TOP PORTION WITH YOUR PAYMENT

| CURRENT | OVER 30 DAYS | OVER 60 DAYS | OVER 90 DAYS | TOTAL DUE | Previous Balance |
|---|---|---|---|---|---|
| 519.67 | 0.00 | 0.00 | 0.00 | 519.67 | 1,091.77 |

| DATE | REFERENCE | QUANTITY | DESCRIPTION | CHARGES | CREDITS | AMOUNT |
|---|---|---|---|---|---|---|
| 11/18/14 | 633/52321 | | PAYMENT | | -1091.77 | 0.00 |
| 11/22/14 | 74238 | 150.4 | #2 FUEL | 494.67 | | 494.67 |
| 12/01/14 | | | BANK FEE | 25.00 | | 519.67 |
| 12/01/14 | #633 | | RET'D CHK | 1091.77 | | 1611.44 |
| 12/01/14 | 633/BOUNCE | | PAYMENT | | -1091.77 | 519.67 |

TO OUR LOYAL CUSTOMERS

FROM BARRIEAU OIL COMPANY

WISHING YOU A  HAPPY HOLIDAY SEASON!!!

BARRIEAU OIL CO., INC.                          23606
On balances of   30   days or over we will compute a
FINANCE CHARGE OF   1.50   % PER MONTH, WHICH IS
18.0 % ANNUAL PERCENTAGE RATE.

PAY THIS AMOUNT ▶

$    519.67

# EXHIBIT H

Nathan P. Litwin
111 South Highland Road
Ossining, NY 10562

Attorney Thomas Willcutts
Willcutts Law Group
285 Farmington ave.
Hartford, CT. 06105

Re: Administrator Authorization

Dear Attorney Willcutts:

I am writing to address the complaint that you improperly deposited the settlement check in the case of Estate of P. Edward Lizauskas v. Mark Ryan into your IOLTA account without obtaining an endorsement on the check for the Estate, other than your own.

This will confirm that I am the duly appointed Administrator of The Estate of P. Edward Lizauskas and that you were at all times authorized by me to execute documents on behalf of the Estate in order to effectuate a settlement of the case against Mark Ryan, as well to deposit the settlement funds for that case into your IOLTA account.

Thank you for your faithful service as attorney for the Estate in this matter.

Very Truly Yours,

Nathan Litwin
Administrator,
Estate of P. Edward Lizauskas

# EXHIBIT I



**Willcutts Law Group, LLC**
285 Farmington Ave
Hartford, CT 06105

FIRST NIAGARA BANK, NA
HARTFORD, CT
51-7013/2111

657

01/21/15

PAY TO THE
ORDER OF    Treasurer, State of Connecticut

$ **2,021.91

Two Thousand Twenty-One and 91/100✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳ DOLLARS

A PROTECTED AGAINST FRAUD A

Treasurer, State of Connecticut
Region #22 Probate District
PO Box 720
Southbury, CT 06488-0674



Client's Fund Account

MEMO    P. Edward Lizauskas

⑈000657⑈ ⑆211170130⑆ 7001086100⑈

---

Willcutts Law Group, LLC

Treasurer, State of Connecticut                                      657
Trust Account Liability                      01/21/15

2,021.91

First Niagara – Clien    P. Edward Lizauskas

2,021.91

Willcutts Law Group, LLC

Treasurer, State of Connecticut                                      657
Trust Account Liability                      01/21/15

2,021.91

First Niagara – Clien    P. Edward Lizauskas

2,021.91



Uniform Costs in Probate Courts
C. G. S. § 45a-105
Revised Jan. 1, 1999

# State of Connecticut
## Court Of Probate
## Summary of Charges
## Region # 22 Probate District

Case Number: 16801-0055
Case Name:   P.Edward  Lizauskas

Fiduciary:      Nathan P. Litwin

Nathan P. Litwin
Sparta Greene Apartments
111 South Highland Avenue, Apt. C36
Ossining, NY 10562

Please return this top portion with your payment

Balance due:          $2,021.91

Date of Statement:     01/15/2015
Last Statement:

## REFUNDS

| Date | InvoiceNo | Reason | Amount |
|------|-----------|--------|--------|
| Total Refunds: | | | 0.00 |

**Balance Due**

$2,021.91

Make check payable to:   **TREASURER, STATE OF CONNECTICUT**

Mail To:              Court of Probate
                      Region # 22 Probate District
                      501 Main Street South, P.O. Box 720
                      Southbury, CT 06488-0674

Phone: (203) 262-0641

Page 4 of 4

# EXHIBIT J

# FIRST NIAGARA

```
P EDWARD LIZAUSKAS ESTATE    EST
THOMAS WILLCUTTS   ADM              762 Statement Date:      03/26/15
PO BOX 2184
WATERBURY CT 06722-2184            Account Number:    7901296314
                                   Deposit
```

```
****************** Pinnacle Money Market    7901296314 ***********************
All Transactions by Date
  Date_Description_____Withdrawal_____Deposit_____
  02/18 Balance Forward ------------------------------------        Balance
  02/19 Deposit          ----------------------------->                  .00
  03/26 Interest Credited Deposit                    204,489.04      204,489.04
                                                        295.74        204,784.78
```

```
ccount Summary
   Beginning               Interest                Service
    Balance  +   Deposits  + Paid  -  Withdrawals - Charge   =   Ending
      .00      204,489.04   295.74        .00       .00          Balance
                                                             204,784.78
```

```
Statement from 02/19/15 Thru 03/26/15
Interest Earned      295.74        *Annual Percentage Yield Earned   1.48%
*************Summary of Deposit Accounts ********************************
 AP    ACCOUNT              BALANCE    INT-RATE%      YTD-INT    YTD-PENALTY
-10 43  7901296314        204,784.78     1.500        295.74
```

**FIRST NIAGARA**

P EDWARD LIZAUSKAS ESTATE  EST
THOMAS WILLCUTTS  ADM
PO BOX 2184
WATERBURY CT 06722-2184

762 Statement Date:        03/26/15

Account Number:     7901296322
Deposit

****************** Pinnacle Money Market     7901296322 ***********************
All Transactions by Date

| Date | Description | Withdrawal | Deposit | Balance |
|------|-------------|-----------|---------|---------|
| 02/18 | Balance Forward ------------------------------------> | | | .00 |
| 02/19 | Deposit | | 204,489.05 | 204,489.05 |
| 03/10 | Deposit | | 590.00 | 205,079.05 |
| 03/26 | Interest Credited Deposit | | 296.15 | 205,375.20 |

ccount Summary

| Beginning Balance | + | Deposits | Interest + Paid | - | Withdrawals | Service - Charge | = | Ending Balance |
|-------------------|---|----------|------------------|---|-------------|------------------|---|----------------|
| .00 | | 205,079.05 | 296.15 | | .00 | .00 | | 205,375.20 |

Statement from 02/19/15 Thru 03/26/15
Interest Earned        296.15        *Annual Percentage Yield Earned   1.48%

*************Summary of Deposit Accounts ****************************************

| AP | ACCOUNT | BALANCE | INT-RATE% | YTD-INT | YTD-PENALTY |
|-----|---------|---------|-----------|---------|-------------|
| -10 43 | 7901296322 | 205,375.20 | 1.500 | 296.15 | |

# FIRST NIAGARA

P EDWARD LIZAUSKAS ESTATE   EST
THOMAS WILLCUTTS  ADM
PO BOX 2184
WATERBURY CT 06722-2184

762 Statement Date:      03/26/15

Account Number:    7901296306
Deposit

****************** PinnaclePlus Checking    7901296306 **********************
All Transactions by Date

| Date_Description | Withdrawal | Deposit | Balance |
|---|---|---|---|
| 02/18 Balance Forward -----------------------------------> | | | .00 |
| 02/19 Deposit | | 50.00 | 50.00 |

ccount Summary

| Beginning Balance + | Deposits + | Interest Paid - | Withdrawals - | Service Charge = | Ending Balance |
|---|---|---|---|---|---|
| .00 | 50.00 | .00 | .00 | .00 | 50.00 |

Statement from 02/19/15 Thru 03/26/15

*************Summary of Deposit Accounts ********************************************

| AP | ACCOUNT | BALANCE | INT-RATE% | YTD-INT | YTD-PENALTY |
|---|---|---|---|---|---|
| ~10 36 | 7901296306 | 50.00 | .010 | | |



**Willcutts Law Group, LLC**
285 Farmington Ave
Hartford, CT 06105

669

FIRST NIAGARA BANK, NA
HARTFORD, CT
51-7013/2111

02/19/15

PAY TO THE
ORDER OF ___Thomas P. Willcutts, Attorney for Estate___

$ **408,978.09

___Four Hundred Eight Thousand Nine Hundred Seventy-Eight and 09/100___********************************* DOLLARS

18 PRACTIFFE'S EXHIBIT FRAUDB

Thomas P. Willcutts, Attorney for Estate

Client's Fund Account

MEMO  P. Edward Lizauskas

⑈000669⑈ ⑈:211ᵢ7013ᵢ0: 700ᵢ086ᵢ100⑈

CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

Details on Back

Intuit® CheckLock™ Secure Check



**STATEWIDE GRIEVANCE COMMITTEE**
Frances Mickelson-Dera, *First Assistant Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

May 13, 2015

Attorney Thomas Willcutts
283 Farmington Avenue
Hartford, CT 06105

RE:   OVERDRAFT NOTIFICATION #0153-14A
      IN RE: Thomas Willcutts

Dear Attorney Willcutts:

Thank you for your letter dated May 6, 2015, regarding the above-referenced overdraft notification matter.

In order to complete the investigation of this matter, additional information is required. Your answer indicates that you have used your clients' funds account to pay a personal debt and that may have caused the overdraft. Counsel for the Statewide Grievance Committee concluded that, pursuant to Practice Book § 2-27(c), an audit is necessary to determine the extent of the mismanagement of your First Niagara clients' funds account *6100. Accordingly, you must submit the documents as indicated on the attached list in order for this office to conduct the audit.

Kindly submit the information requested to the undersigned at the above address within ten (10) days of the date of this letter. Pursuant to Rule 9(b)(3) and (4) of the Statewide Grievance Committee's Rules of Procedure, failure to adequately explain the overdraft to the Office of the Statewide Bar Counsel will likely result in a decision by the Statewide Grievance Committee to forward the matter to a grievance panel for further investigation, or the initiation of a grievance complaint, or both.

Thank you for your anticipated cooperation.

Sincerely,

Frances Mickelson-Dera
First Assistant Bar Counsel

FMD/mp
Enclosure

# AUDIT DOCUMENTATION REQUIRED FOR
## CLIENTS' FUNDS ACCOUNT *6100 AT FIRST NIAGARA BANK

Pursuant to Practice Book §2-27(c), the attorney is required to compile the documentation listed below for the audit. **THE AUDIT PERIOD FOR THE DOCUMENTATION TO BE PRODUCED IS: SEPTEMBER 1, 2014 THROUGH APRIL 30, 2015.**

1. A list of all bank account numbers and bank names that hold funds held in any fiduciary capacity.

2. For this IOLTA account, please provide the appropriate receipts and disbursements journal (general ledger) containing a record of all deposits, withdrawals, and a running balance.

3. For this IOLTA account, please provide a separate ledger/accounting page for each client on whose behalf funds were held during the audit period. Show all deposits, withdrawals and a running balance.

4. Bank statements for this IOLTA account.

5. For this IOLTA account, please provide the quarterly reconciliations of the receipts and disbursements journal, client's individual ledgers for the audit period, checks, deposit slips and bank statements. Any discrepancies need to be fully explained and fully supported by the records at the time of the audit.

6. All canceled and voided checks, and a list of all outstanding checks pertaining to this IOLTA account.

7. A list of all personnel authorized to sign checks on this IOLTA account. Identify each signatory's job description/title.

8. All deposit slips and wire transfer orders pertaining to this IOLTA account. For batch deposits, identify an amount and client name comprising the entire deposit.

9. For closings that occurred during the audit period, provide the HUD-1 and settlement statement.

10. A list of balances held for each client as of the last day of the audit period.

11. Financial records pertaining to all electronic transfers made from the clients' funds account.

12. Financial records pertaining to all electronic transfers made into the clients' funds account.


**For the audit, be prepared to provide explanations and supporting documentation on checks made payable to cash and ATM withdrawals. In addition, identify the bank accounts to which wire any transfer of funds occurred.**



## STATEWIDE GRIEVANCE COMMITTEE

Frances Mickelson-Dera, *First Assistant Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

June 3, 2015

Attorney Thomas Willcutts
283 Farmington Avenue
Hartford, CT  06105

RE:     OVERDRAFT NOTIFICATION #0153-14A
        IN RE:  Thomas Willcutts

Dear Attorney Willcutts:

Attached please find a copy of my letter dated May 13, 2015.  To date, we have not received a response.

Upon receipt of this letter, submit the information requested to the undersigned at the above address. Pursuant to Rule 9(b)(3) and (4) of the Statewide Grievance Committee's Rules of Procedure, failure to do so will result in a decision by the Statewide Grievance Committee to forward the matter to a grievance panel for further investigation, or the initiation of a grievance complaint, or both.

Sincerely,

Frances Mickelson-Dera
First Assistant Bar Counsel

FMD/mp
Encl.



## STATEWIDE GRIEVANCE COMMITTEE

Frances Mickelson-Dera, *First Assistant Bar Counsel*

287 Main Street
Second Floor – Suite Two
East Hartford, CT 06118-1885
(860) 568-5157 Fax (860) 568-4953
Judicial Branch Website: www.jud.ct.gov

May 13, 2015

Attorney Thomas Willcutts
283 Farmington Avenue
Hartford, CT 06105

RE:   OVERDRAFT NOTIFICATION #0153-14A
      IN RE: Thomas Willcutts

Dear Attorney Willcutts:

Thank you for your letter dated May 6, 2015, regarding the above-referenced overdraft notification matter.

In order to complete the investigation of this matter, additional information is required.  Your answer indicates that you have used your clients' funds account to pay a personal debt and that may have caused the overdraft. Counsel for the Statewide Grievance Committee concluded that, pursuant to Practice Book § 2-27(c), an audit is necessary to determine the extent of the mismanagement of your First Niagara clients' funds account *6100.  Accordingly, you must submit the documents as indicated on the attached list in order for this office to conduct the audit.

Kindly submit the information requested to the undersigned at the above address within ten (10) days of the date of this letter. Pursuant to Rule 9(b)(3) and (4) of the Statewide Grievance Committee's Rules of Procedure, failure to adequately explain the overdraft to the Office of the Statewide Bar Counsel will likely result in a decision by the Statewide Grievance Committee to forward the matter to a grievance panel for further investigation, or the initiation of a grievance complaint, or both.

Thank you for your anticipated cooperation.

Sincerely,

Frances Mickelson-Dera
First Assistant Bar Counsel

FMD/mp
Enclosure

## AUDIT DOCUMENTATION REQUIRED FOR
## CLIENTS' FUNDS ACCOUNT *6100 AT FIRST NIAGARA BANK

Pursuant to Practice Book §2-27(c), the attorney is required to compile the documentation listed below for the audit. **THE AUDIT PERIOD FOR THE DOCUMENTATION TO BE PRODUCED IS: SEPTEMBER 1, 2014 THROUGH APRIL 30, 2015.**

1. A list of all bank account numbers and bank names that hold funds held in any fiduciary capacity.

2. For this IOLTA account, please provide the appropriate receipts and disbursements journal (general ledger) containing a record of all deposits, withdrawals, and a running balance.

3. For this IOLTA account, please provide a separate ledger/accounting page for each client on whose behalf funds were held during the audit period. Show all deposits, withdrawals and a running balance.

4. Bank statements for this IOLTA account.

5. For this IOLTA account, please provide the quarterly reconciliations of the receipts and disbursements journal, client's individual ledgers for the audit period, checks, deposit slips and bank statements. Any discrepancies need to be fully explained and fully supported by the records at the time of the audit.

6. All canceled and voided checks, and a list of all outstanding checks pertaining to this IOLTA account.

7. A list of all personnel authorized to sign checks on this IOLTA account. Identify each signatory's job description/title.

8. All deposit slips and wire transfer orders pertaining to this IOLTA account. For batch deposits, identify an amount and client name comprising the entire deposit.

9. For closings that occurred during the audit period, provide the HUD-1 and settlement statement.

10. A list of balances held for each client as of the last day of the audit period.

11. Financial records pertaining to all electronic transfers made from the clients' funds account.

12. Financial records pertaining to all electronic transfers made into the clients' funds account.

For the audit, be prepared to provide explanations and supporting documentation on checks made payable to cash and ATM withdrawals. In addition, identify the bank accounts to which wire any transfer of funds occurred.

*Thomas P. Willcutts, Esq.*
*Willcutts Law Group, LLC*
*285 Farmington Avenue*
*Hartford, CT 06105*
*860-524-6800 Ext 21*
*860-524-7766 (fax)*
*tpw@willcutts.com*

On May 1, 2015, at 10:04 AM, Gosselin, Kellie
<Kellie.Gosselin@jud.ct.gov> wrote:

I am writing to you to remind you that you have yet to answer our letter
requesting more information, see attached. You have until Wednesday,
May 6, 2015 to answer the overdraft or your file will be placed on the
Statewide Grievance Committee meeting of May 21, 2015.


Kellie Gosselin
Attorney Registration
Attorney Overdraft Notification
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT 06118 - 1885
Tel: (860) 568-5157 (x. 3033)
kellie.gosselin@jud.ct.gov
Fax: (860) 568-4953
**From:** canon@jud.ct.gov [mailto:canon@jud.ct.gov]
**Sent:** Friday, May 01, 2015 10:06 AM
**To:** Gosselin, Kellie
**Subject:** Attached Image


<2299_001.pdf>

Is the e-copy sufficient or should I mail an original as well?

Thanks,

Tom Willcutts

*Thomas P. Willcutts, Esq.*
*Willcutts Law Group, LLC*
*285 Farmington Avenue*
*Hartford, CT 06105*
*860-524-6800 Ext 21*
*860-524-7766 (fax)*
*tpw@willcutts.com*

On May 4, 2015, at 8:10 AM, Gosselin, Kellie <Kellie.Gosselin@jud.ct.gov>
wrote:

Thank you very much!

Kellie Gosselin
Attorney Registration
Attorney Overdraft Notification
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT 06118 - 1885
Tel: (860) 568-5157 (x. 3033)
kellie.gosselin@jud.ct.gov
Fax: (860) 568-4953

**From:** Thomas Willcutts [mailto:tpw@willcutts.com]
**Sent:** Friday, May 01, 2015 4:06 PM
**To:** Gosselin, Kellie
**Subject:** Re: Statewide Grievance Committee/overdraft
**Importance:** High

Attorney Gosselin,

Thank you for the reminder. I was going to call to request an extension to next
week given my current litigation schedule, and I will file my response by the 6th.

- Tom Willcutts

| | |
|---|---|
| **From:** | Thomas Willcutts <tpw@willcutts.com> |
| **Sent:** | Friday, June 12, 2015 3:01 PM |
| **To:** | Gosselin, Kellie |
| **Subject:** | Overdraft Notification #ON-0153-14. |
| **Attachments:** | 6.12 Letter.pdf |

Attorney Gosselin,

Attached is a request for additional time to produce documents relative to the above-referenced case.

Thank you for your attention to this matter.

- Tom Willcutts

*Thomas P. Willcutts, Esq.*
*Willcutts Law Group, LLC*
*285 Farmington Avenue*
*Hartford, CT 06105*
*860-524-6800 Ext 21*
*860-524-7766 (fax)*
*tpw@willcutts.com*

On May 7, 2015, at 8:00 AM, Gosselin, Kellie <Kellie.Gosselin@jud.ct.gov> wrote:

The email is fine, thank you!

Kellie Gosselin
Attorney Registration
Attorney Overdraft Notification
Statewide Grievance Committee
287 Main Street, 2nd Floor, Suite 2
East Hartford, CT  06118 - 1885
Tel: (860) 568-5157 (x. 3033)
kellie.gosselin@jud.ct.gov
Fax: (860) 568-4953

**From:** Thomas Willcutts [mailto:tpw@willcutts.com]
**Sent:** Wednesday, May 06, 2015 5:43 PM
**To:** Gosselin, Kellie
**Subject:** Re: Statewide Grievance Committee/overdraft

Attorney Gosselin,

Attached is my response in my case: Overdraft Notification #ON-0153-14.

# WILLCUTTS LAW GROUP, LLC

Attorneys at Law

285 Farmington Avenue
Hartford, CT 06105
Tel (860) 524-6800
Fax (860) 524-7766

*Thomas P. Willcutts*
tpw@willcutts.com

June 12, 2015

Frances Mickelson-Dera, First Assistant Bar Counsel
Statewide Grievance Committee
287 Main Street
Second Floor – Suite Two
East Hartford, CT 06118-1885

**Re:    Overdraft Notification #ON-0153-14**
**        In Re: Thomas Willcutts**

Dear Attorney Mickelson-Dera:

This will acknowledge and reply to your letter dated June 3, 2015.

I respectfully request an extension through July 13, 2015 to supply the requested documents, which is consistent with the time period typically afforded under the document production rules set forth in Practice Book § 13-10 for the type of production being requested.  Further, as we discussed, my office suffered a break-in during the blizzard in late January 2015, where the office computer containing my firm's Quickbooks data was stolen.  I will require tech support and/or temporary help in order to retrieve or reproduce some of the historic records requested.  This request is also being submitted in consideration of the demands on my time due to my recent and current litigation schedule, which included a very heavy briefing schedule over the past several weeks and a trial scheduled for later this month.

Thank you for your attention to this request.

Very truly yours,

Thomas P. Willcutts

| | |
|---|---|
| **From:** | MickelsonDera, Frances |
| **Sent:** | Friday, June 12, 2015 3:33 PM |
| **To:** | 'tpw@willcutts.com' |
| **Cc:** | Plotkin, Meryl; Gosselin, Kellie |
| **Subject:** | Overdraft audit |

Attorney Willcutts,

I am in receipt of your request for an extension of time to comply with the overdraft audit and consider it excessive. In addition, your request was not received until you were prompted to respond by my assistant, Kellie Gosselin, and not at your own initiation. Even if the Practice Book Section you cited applied to responses to disciplinary investigations, which it does not, notice was sent to you dated May 13, 2015. Today is the thirtieth day. When notices of random audit are sent to attorneys, the audit takes place ten days from the date of notice. Further, every document requested in your notice is REQUIRED to be maintained by the Rules of Professional Conduct and should be readily available to you. As such, your production is due on or before June 26, 2015 or the matter will be referred to the Grievance Committee for further action.

*Frances M. Mickelson-Dera*
Frances Mickelson-Dera
First Assistant Bar Counsel
860-568-5157 ext 3368
FAX 860-568-4953
Statewide Grievance Committee
287 Main Street
Second Floor
East Hartford, CT 06118-1885
Frances.MickelsonDera@jud.ct.gov

"If you live each day as if it was your last, someday you'll most certainly be right."