# UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: THOMAS P. WILLCUTTS | ) CASE NO. 17-gp-00010-SRU *SEALED* <br> ) <br> ) APRIL 6, 2021 |

**AFFIDAVIT FOR REINSTATEMENT PURSUANT TO *LOCAL RULE* 83(I)(1)**

I, **THOMAS P. WILLCUTTS**, the undersigned Affiant, Hereby Depose and State that:

1. I am over the age of eighteen years, of sound and disposing mind, and I understand the duties and obligations of an oath;

2. Each statement in this *Affidavit* is true and accurate, and based upon my own personal knowledge;

3. On January 11, 2017, a disciplinary action against me was commenced in the Connecticut Superior Court, *Office of Chief Disciplinary Counsel v. Thomas P. Willcutts*, Docket No. HHD-CV-17-6074515-S;

4. On April 11, 2017, the Connecticut Superior Court (Robaina, J.) entered an *Order of Interim Suspension*, indefinitely suspending my license;

- 1 -

5. On June 6, 2017, this Honorable Court opened a disciplinary file, *In re: Thomas P. Willcutts*, Docket No. 17-gp-00010-SRU *SEALED*;

6. On December 12, 2017, the Grievance Committee of the United States District Court for the District of Connecticut and I submitted a *Recommendation for Discipline* by agreement, imposing identical discipline pursuant to *Local R.* 83.2(f)(2), and permitting me to seek reinstatement pursuant to *Local R.* 83.2(i)(1) once reinstated to the Connecticut Superior Court;

7. On September 24, 2018, in the matter of *Office of Chief Disciplinary Counsel v. Thomas P. Willcutts*, Docket No. HHD-CV-17-6074515-S, the Connecticut Superior Court (Graham, J.) entered a *Suspension Order* (appended hereto) suspending my license for a period of two (2) years, retroactive to the April 11, 2017 interim suspension;

8. On April 11, 2019, my license to practice law in Connecticut was reinstated pursuant to the September 24, 2018 *Suspension Order*;

9. Prior to the reinstatement of my license on April 11, 2019, and at all times since, I have in all respects complied with all provisions of the *Suspension Order*;

10. Also filed herewith is a current *Certificate of Good Standing* from the Connecticut Superior Court, evidencing that my license has been reinstated;

11. Pursuant to *Local Rule* 83.2(i)(1), I submit this *Affidavit* for automatic reinstatement to practice before this Honorable Court.

**DATED AT** West Hartford, **CONNECTICUT THIS** 6th **DAY OF APRIL, 2021**.

_____
**THOMAS P. WILLCUTTS**, Affiant

# Witnesseth

STATE OF CONNECTICUT )
 ) ss: West Hartford
COUNTY OF Hartford )

Subscribed and sworn-to before me this 6 day of April, 2021.

**IN WITNESS WHEREOF, I HEREUNTO SET MY HAND AND AFFIX MY SEAL**

_____
Name: Sarah Poriss    CT24372
Notary Public/Commissioner of the Superior Court
My Commission Expires: _____

- 3 -

| DOCKET NO. HHD-CV-17-6074515-S | : | FILING CODE: M63 |
| --- | --- | --- |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | : | SUPERIOR COURT |
| V. | : | JUDICIAL DISTRICT OF HARTFORD |
| THOMAS WILLCUTTS | : | SEPTEMBER , 2018 |

## CORRECTED ORDER

As to Count one, grievance complaint #15-0490, the court finds by clear and convincing evidence that the respondent, Thomas Willcutts, has committed misconduct in violation of rules 1.15(b) and 1.15(c) of the Rules of Professional Conduct as more fully set forth in the Memorandum of Decision Re: Motion for Interim Suspension dated April 11, 2017. The remaining counts are withdrawn. The court enters the following orders:

1. The respondent is suspended from the practice of law in Connecticut for a period of two years retroactive to the date of the interim suspension, April 11, 2017.

2. The respondent, during the term of suspension must comply with Practice Book § 2-47B (Restrictions on the Activities of Deactivated Attorneys) unless otherwise ordered by a court. It is anticipated that respondent may file an application pursuant to this section and, if in compliance with the practice book and in proper order the petitioner does not object subject to a hearing and an order of the court.

3. The trustee in this matter, appointed by a court order dated April 11, 2017 shall continue to fulfill his duties until released by order of a court.

4. Prior to reinstatement in Connecticut the respondent must satisfy any Connecticut bar requirements and must otherwise be in good standing and must demonstrate this fact to disciplinary counsel. The respondent will be reinstated on April 11, 2019 unless disciplinary counsel files an objection to reinstatement prior to that date, in which event the qualifications of the respondent for reinstatement under this Order will be heard and determined by

the Court. The respondent does not have to apply for readmission through Practice Book §2-53.

5. For the first two years of practice following reinstatement the respondent must be associated with another attorney in the same office. The respondent shall have no signing authority over the IOLTA account maintained by his office during this time period. The respondent shall provide disciplinary counsel with the name of the law firm, identify all attorneys associated with the law firm and the names of the attorneys that are signatories on the IOLTA account. The respondent shall update this information within 30 days of any change.

So Ordered;

_____
Judge/Clerk  4/28/18

## Notice of Suspension of Attorney

Pursuant to § 2-54 of the Connecticut Practice Book, notice is hereby given that on September 24, 2018 in Docket Number HHD-CV-17-6074515-S Thomas Willcutts, juris # 302886 of Hartford, CT was suspended from the practice of law for a period of two years retroactive to the date of the interim suspension, April 11, 2017.

1. The respondent must comply with Practice Book § 2-47B (Restrictions on the activities of Deactivated Attorneys) unless otherwise ordered by the court. It is anticipated that respondent may file an application pursuant to this section and, if in compliance with the practice book and in proper order, the petitioner does not object subject to a hearing and an order of the court.

2. Prior to reinstatement in Connecticut, the respondent must satisfy any Connecticut bar requirements and otherwise must be in good standing and must demonstrate this fact to disciplinary counsel.

3. The trustee in this matter, appointed by the court order dated April 11, 2017 shall continue to fulfill his duties until released by order of a court.

4. Prior to reinstatement in Connecticut, the respondent shall satisfy any bar requirements and shall be in good standing and must demonstrate this fact to the disciplinary counsel. The respondent will be reinstated on April 11, 2019 unless disciplinary counsel files an objection to reinstatement prior to that date, in which event the qualifications of the respondent for reinstatement under this order will be heard and determined by the Court. The respondent does not have to apply for readmission through Practice Book § 2-53.

5. For the first two years of practice following reinstatement the respondent must be associated with another attorney in the same office. The respondent shall have no signing authority over the IOLTA account maintained by his office during this time period. The respondent shall provide disciplinary counsel with the name of the law firm, identify all attorneys associated with the law firm and the name of the attorneys associated with the law firm and the names of the attorneys that are signatories on the IOLTA account. The respondent shall update this information within 30 days of any change.

James T. Graham<br>
*Judge*

# State of Connecticut
# Supreme Court

I, **Carolyn C. Ziogas**, Chief Clerk of the Supreme Court of the State of Connecticut and keeper of the Seal thereof,

*Do hereby certify*, that, in the Superior Court at **Hartford** on the **15th** day of **November, 1984**

**Thomas P. Willcutts**

of

**Portland, Connecticut**

having been examined and found duly qualified, was sworn as an attorney and admitted to practice before all courts of this state, and that said attorney is a member of in good standing of the Bar of this State pursuant to Practice Book §2-65.

*In Testimony Whereof,* I have hereunto set my hand and affix the Seal of the Supreme Court of the State of Connecticut, at Hartford, this day **March 26, 2021**



Carolyn C. Ziogas
Chief Clerk